ERNEST PAUL PRIDDY v. BLUE BIRD CAB COMPANY, INC., AETNA CASUALTY AND SURETY COMPANY

No. 6821SC322

(Filed 18 September 1968)

1. Master and Servant § 99—   Workmen's Compensation — attorneys' fees — discretion of Superior Court

    The rule that the determination of attorneys' fees by the Industrial Commission is conclusive and binding on appeal when supported by competent evidence has been changed by G.S. 97-90(c) which now allows the Superior Court, upon appeal from action of the Commission with respect to attorneys' fees, to determine in its discretion the matter of such fees.

2. Master and Servant § 99—   Workmen's Compensation — attorneys' fees — review

    Judgment of Superior Court awarding fee of $800 to discharged attorney who had negotiated on behalf of claimant a $30,000 offer of settlement with compensation insurer, which offer was rejected by the claimant, is *held* fully supported by the findings of fact and the evidence.

APPEAL from *Gambill, J.,* in Chambers at FORSYTH County, North Carolina, 13 June 1968.

This matter arose in the North Carolina Industrial Commission (Commission) by virtue of the fact that the plaintiff, Ernest Paul Priddy, sustained an injury by accident arising out of and in the course of his employment on 2 February 1963. Employer's report of accident to employee was duly filed by the employer 19 February 1963; thereafter, agreement for compensation for disability was filed 21 February 1963 and the employer, Blue Bird Cab Company, and its insurance carrier, Aetna Casualty and Surety Company (Aetna), began making payments of compensation at the rate of $33.55 per week from 2 February 1963 until the total sum of $5,209.60 had been paid, and then the defendant stopped payment of compensation benefits sometime prior to 15 July 1966. Subsequent to the cessation of the weekly compensation payments, plaintiff consulted an attorney. This attorney negotiated with counsel representing Aetna and procured an offer of a final and complete settlement for the sum of $4,500. The plaintiff refused to accept this settlement and this attorney withdrew from further representation of the plaintiff. On 15 July 1966 plaintiff conferred with Mr. W. Scott Buck, an attorney of the Forsyth County Bar, and engaged the services of Mr. Buck to represent him in his claim. There was no agreement for fee or compensation of Mr. Buck. The case was set for hearing before the Commission in Forsyth County on 29 November 1966 but was continued by consent and rescheduled for hearing on 14 February 1967. At this time, the case was again continued for cause upon motion of counsel for Aetna. No hearing has been held before the Commission. On 17 July 1967 plaintiff advised Mr. Buck that he was discharging him as his attorney and did not expect to pay Mr. Buck for any services rendered. During the time of his representation of the plaintiff, Mr. Buck procured numerous medical reports and other data and conferred on numerous times with counsel for Aetna to the end that he procured an offer of settlement wherein Aetna would pay all accrued weekly benefits to the time of final settlement, and in addition thereto, would pay the sum of $30,000 for a complete determination of the claim. Plaintiff still refuses to accept settlement.

On 17 July 1967 Mr. Buck wrote the Commission outlining in detail services rendered to plaintiff and the fact that he had been discharged from further representation and requesting compensation for the services rendered by him at the time the case was disposed of.

Under date of 6 November 1967, William F. Marshall, Jr., Commissioner, entered an order finding that the plaintiff had no counsel and in order to be properly and fairly represented, appointed a next friend for the plaintiff. From this order, the plaintiff in apt time appealed for a review before the full Commission. The full Commis-

sion on 22 January 1968 filed an order which, among other things, found that since there had been no hearing in the case, compensation would be reinstated with all accrued compensation to be paid in a lump sum and "(t)hat the plaintiff's attorney, W. Scott Buck, the attorney whom the plaintiff employed and later discharged, is awarded a token fee in the amount of $200.00, said amount to be deducted from the compensation due plaintiff and paid in a lump sum."

Under date of 25 January 1968, Mr. Buck filed notice of appeal to the Superior Court of Forsyth County, together with assignments of error, including the fact that the fee "is entirely and completely unreasonable and inadequate."

The matter came on to be heard before Judge Gambill, judge presiding over the 10 June 1968 Civil Session of the Superior Court of Forsyth County. Judge Gambill under date of 13 June 1968 entered a judgment finding facts, including:

"8. That as a result of the efforts made and services performed by the said W. Scott Buck, Attorney, the defendants have offered to settle this case with the plaintiff upon payment of a lump sum of $30,000.00, which has been refused by the plaintiff; that, as a result of the efforts made and services rendered by said attorney, the defendants have also offered to bring the plaintiff's weekly compensation payments up-to-date and continue weekly compensation payments until this case was finally disposed of as provided by law; that said offers have been refused by the plaintiff; that the accrued weekly benefits through June 9, 1968, which have been offered to the plaintiff and which he has refused amount to $4,193.75.

9. That said attorney, W. Scott Buck, has rendered valuable services to the plaintiff and is entitled to be compensated for the total services rendered by him upon a final disposition of this case before the North Carolina Industrial Commission. That the award of the North Carolina Industrial Commission of a token fee in the amount of $200.00 is wholly inadequate.

10. That said attorney, W. Scott Buck, is entitled to an interim portion of the total fee to be allowed upon the final determination of this case; and that the sum of $800.00 is a reasonable interim portion of said fee which ought to be deducted from the accrued compensation due the plaintiff and paid direct to said attorney forthwith."

Judge Gambill then ordered and adjudged that the order of the Commission of 22 January 1968 awarding "a token fee in the amount of $200.00" be reversed.

Judge Gambill further ordered that upon a final determination of this cause, the Commission award said attorney a fee for total services rendered in a sum commensurate with the services and further provided:

"IT IS FURTHER ORDERED, in the discretion of the Court, that the North Carolina Industrial Commission enter an appropriate order allowing said attorney an interim portion of said total fee in the sum of $800.00 and direct the defendants to deduct such sum from the accrued compensation due the plaintiff and pay the same direct to said attorney forthwith.

IT IS FURTHER ORDERED that this cause be, and the same is hereby remanded to the North Carolina Industrial Commission, with a copy of this judgment certified by the Clerk of this Court and that the North Carolina Industrial Commission, within thirty days following the receipt thereof, enter an appropriate order not inconsistent herewith."

From the judgment of Judge Gambill, the plaintiff appealed to this Court.

*Robert M. Bryant, Attorney for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice by Grady Barnhill, Jr., Attorneys for defendant appellees.*

*W. Scott Buck, in propria persona.*

CAMPBELL, J.

The defendant appellees are merely stakeholders in this proceeding and they state in the brief filed in the Court:

"The defendants have been attempting to settle this case for many months but have been unsuccessful because Mr. Priddy refuses to let the defendants bring the temporary total compensation payments up to date or to accept a lump sum settlement."

The controversy is solely between the plaintiff and his former counsel, Mr. Buck.

The plaintiff has two assignments of error.

The plaintiff assigns as error in the first place that the trial court did not have sufficient evidence to support its findings of fact. The plaintiff takes the position that it was error on the part of the trial court to hear the matter on affidavits and that there should have been a hearing before the Commission first.

For his second assignment of error, the plaintiff asserts that the

trial court erred in signing the judgment where there had been no hearing before the Commission and no transmission of the Commission's findings and reasons as to its actions.

[1]    Prior to 1959, the Commission was the administrative agency of the State charged with the duty of administering the provisions of the Workmen's Compensation Act, including the determination of fees for attorneys and its findings of fact were conclusive and binding on appeal when supported by competent evidence "even though there is evidence that would have supported a finding to the contrary." *Brice v. Salvage Co.,* 249 N.C. 74, 105 S.E. 2d 439.

Subsequent to that decision, in 1959 the Legislature amended the Workmen's Compensation Act and G.S. 97-90(c) now provides:

"In all other cases where there is no agreement for fee or compensation, the attorney or claimant may, by filing written notice of appeal within five (5) days after receipt of notice of action of the full Commission with respect to attorneys' fees, appeal to the resident judge of the superior court or the judge holding the courts of the district of the county in which the cause arose or in which the claimant resides; and upon such appeal said judge shall consider the matter of such fee and determine in his discretion the attorneys' fees to be allowed in the cause. The Commission shall, within twenty (20) days after notice of appeal has been filed, transmit its findings and reasons as to its action concerning such fee or compensation to the judge of the superior court designated in the notice of appeal. . . ."

[2]    In this case the Commission entered a judgment fixing an attorney's fee for Mr. Buck and in conformity with the statute, Mr. Buck gave notice of appeal to the superior court. After receiving the notice of appeal, the Commission through its secretary filed its certificate setting out:

"An appeal having been taken as to amount of attorney fee by plaintiff's former counsel, Mr. W. Scott Buck, from the Order of the Full Commission filed January 22, 1968, to the Superior Court of Forsyth County under the provision of G.S. 97-90(c) . . . the exhibits described below contain a true and correct copy of the record of this Commission as appears from and as the same are taken from and compared with the originals on file in this office."

There was, thus, filed and Judge Gambill had before him the complete record before the Commission. Pursuant to the statute, as it

now exists, Judge Gambill proceeded to "determine in his discretion the attorneys' fees to be allowed in this cause."

The appellant does not show and does not claim that Judge Gambill in any way abused his discretion. The record does not show that the plaintiff requested the opportunity to cross-examine any witness before Judge Gambill or in any way objected to hearing the matter before Judge Gambill on affidavits. The evidence before Judge Gambill fully supports his findings and his findings fully support his judgment.

Affirmed.

MALLARD, C.J. and MORRIS, J., concur.