MARIA TERESA PALMER, GUARDIAN AD LITEM FOR J. CARMEN FUENTES, Employee-Plaintiff v. W. BRENT JACKSON d/b/a JACKSON'S FARMING COMPANY, Employer, and COMPANION PROPERTY AND CASUALTY, Carrier, Defendants

No. COA02-1

(Filed 20 May 2003)

**Costs— attorney fees—workers' compensation—incurred medical compensation**

The trial court erred in a workers' compensation case by awarding attorney fees under N.C.G.S. § 97-90(c) based on incurred medical compensation procured for the medical providers rather than solely on the indemnity compensation awarded to plaintiff employee when the trial court's order effectively reduced the award of medical compensation to the hospitals, because: (1) medical compensation is solely in the realm of the Industrial Commission and N.C.G.S. § 97-90(c) does not give authority to the superior court to adjust such an award under the guise of attorney fees; (2) while the Industrial Commission recognizes that there may be unusual hardship cases that warrant higher medical compensation in I.C. Rule 407, no such rule has been promulgated as to exceptional legal services; and (3) upon the proper findings of fact on remand as to the work and the special nature of the case, the trial court could order that defendant carrier should further pay an amount based upon a percentage of the medical compensation.

Appeal by defendants and the University of North Carolina from orders entered 10 July and 24 July 2001 by Judge Russell J. Lanier, Jr., in Sampson County Superior Court. Heard in the Court of Appeals 21 January 2003.

*White & Allen, P.A., by Thomas J. White, III; and Massengill & Bricio, PLLC, by Francisco J. Bricio, for plaintiff appellees.*

*Morris York Williams Surles & Barringer, LLP, by John F. Morris and Keith B. Nichols, for defendant appellants.*

*Attorney General Roy Cooper, by Assistant Attorney General Brent D. Kiziah, for the University of North Carolina Hospitals and the University of North Carolina at Chapel Hill, appellants.*

*Turner Enochs & Lloyd, P.A., by Melanie M. Hamilton and Wendell H. Ott, for Amicus Curiae Duke University Medical Center, Memorial Mission Hospital, Inc., Charlotte-Mecklenburg Hospital Authority, d/b/a Carolinas Medical Center, Moses H. Cone Memorial Hospital, The North Carolina Baptist Hospitals, Incorporated, Wake Medical Center, The North Carolina Hospital Association, and The North Carolina Medical Society.*

*Legal Aid of North Carolina, by Lori Elmer, Amicus Curiae.*

McCULLOUGH, Judge.

Defendants W. Brent Jackson, d/b/a Jackson's Farming Company and Companion Property and Casualty, along with the University of North Carolina, for and on behalf of the University of North Carolina Hospitals and the University of North Carolina at Chapel Hill, appeal from the 10 July 2001 Order and the 24 July 2001 Supplemental Order granting appellees, the law firms of Massengill & Bricio, P.L.L.C., and White Law Offices, P.A., attorneys' fees based on incurred medical compensation recovered for their client, J. Carmen Fuentes, in his claim for workers' compensation.

The facts leading to this appeal include Mr. J. Carmen Fuentes' coming to work for defendant Jackson's Farming Company in the summer of 1998 as part of a federal program. As per the program, Jackson's Farming Company provided workers' compensation insurance for the workers on its farms. On 10 July 1998, Mr. Fuentes became overheated while working in the fields picking tomatoes. He was not given immediate medical attention and his condition worsened. By the end of the day, he was unconscious and taken by emergency personnel to Sampson Regional Medical Center, then to University of North Carolina Hospitals. It was determined that Mr. Fuentes suffered a heatstroke. The heatstroke was so severe that he is now permanently disabled and in a persistent vegetative state.

Mr. Fuentes incurred substantial medical bills amounting to $363,307.29 to the University of North Carolina Hospitals and $44,256.00 to University of North Carolina Physicians and Associates.

Attorneys from the above-mentioned appellee law firms were approached by the Fuentes family about representing their interests on behalf of Mr. Fuentes in his workers' compensation claim, as the claim had been denied by appellants. The appellee law firms accepted

PALMER v. JACKSON

[157 N.C. App. 625 (2003)]

the case on the premise that they would be reasonably compensated by the Industrial Commission under provisions of the Workers' Compensation Act, as the Fuentes family was not in a position to pay a fee.

After exerting much time, money and expertise, the attorneys representing Mr. Fuentes were successful in proving to the Deputy Commissioner and the Full Commission that Mr. Fuentes' heatstroke was compensable as an occupational disease. Mr. Fuentes was also awarded a 10% penalty by the Deputy as defendant had violated OSHA safety requirements. As part of the award, defendants were to pay for the medical expenses incurred by Mr. Fuentes (past and future). As these payments were past due by the time the Full Commission heard the matter, another 10% was added on pursuant to N.C. Gen. Stat. § 97-18(e) and (g) (2001). These rulings have not been appealed.

The subject of this appeal is the issue of attorneys' fees. The Deputy Commissioner awarded attorneys' fees to Mr. Fuentes' attorneys in the amount of 25% of the indemnity award (compensation due Mr. Fuentes for his loss of earning capacity). In addition, the Deputy Commissioner found that defendant-carrier had acted in bad faith in initially denying the claim, and thus defendant-carrier was ordered to pay the attorneys' fees owed to Mr. Fuentes' attorneys pursuant to N.C. Gen. Stat. § 97-88.1 (2001). The Full Commission affirmed this ruling.

What is in dispute is the request of Mr. Fuentes' attorneys to receive an additional award of attorneys' fees based upon the amount of medical compensation they procured for the medical providers. The attorneys made motions before both the Deputy and the Full Commission, asking for such an award. Both denied the respective motions. The Full Commission noted that " '[t]he approval of attorneys' fees based on a percentage of the compensation paid to plaintiff is limited to indemnity compensation and penalties and sanctions added to such compensation, but does not include expenses related to medical care and treatment,' citing Hyler v. GTE Prod. Co., 333 N.C. 258, 425 S.E.2d 698 (1993)."

The appellee attorneys are pursuing the additional fee award because they expended an abnormal amount of time and money in the preparation and litigation of the claim. They claim that a fee award based on a percentage of the indemnity award is inadequate to compensate them for their performance as this case is extraordinary in

that the indemnity award was very low when compared to the very high amounts of incurred medical expenses. Further, this was a very difficult case to litigate, as claimant had to prove that heatstroke was compensable as an occupational disease. Making matters worse was Mr. Fuentes' being in a permanent vegetative state, and Mr. Fuentes' location, he and his family being in Mexico.

Thus, Mr. Fuentes' attorneys appealed to the Superior Court of Sampson County pursuant to N.C. Gen. Stat. § 97-90(c) (2001) from the Full Commission's decision not to allow attorneys' fees based on a percentage of the awarded medical compensation.

The matter was heard before The Honorable Russell J. Lanier, Jr. The trial court filed a very detailed order on 10 July 2001. The order held that:

> It appearing to the Court that this appeal involves the exercise of the Court's discretion under G.S. 97-90(c) to determine what is a reasonable attorneys' fee to be allowed in this cause, wherein plaintiff's counsel had no fee agreement with their incompetent client but had informed his family that if they were successful they would be entitled to receive a reasonable fee under the Workers['] Compensation Act for their services in recovering denied wage and medical compensation, including consideration of the appropriateness of counsel's contention that under all the facts and circumstances, they should be awarded a reasonable fee out of the successful recovery by them of the denied medical care expenses incurred by plaintiff as well as out of the wage indemnity recovered[.]

The trial court made numerous findings of fact as to the extensive efforts of appellees. According to the trial court, the final tally of medical compensation already incurred was as follows: $363,307.92 to University of North Carolina Hospitals; $44,256.00 to University of North Carolina Physicians; $3,000.00 to Sampson Regional Medical Center. It further noted that these amounts, totaling around $410,000.00, were far in excess of the accrued indemnity compensation, which totaled around $24,000.00. The trial court also noted that University of North Carolina Hospitals had actually received from the insurance company far in excess of the amount they had expected to recover in this matter.

The trial court apparently distinguished the *Hyler* case cited by the Full Commission, and proceeded to employ an inherent fairness

**PALMER v. JACKSON**

[157 N.C. App. 625 (2003)]

analysis. Basically, it appears from the order that it was the trial court's position that the hospitals would have recovered little but for the extraordinary efforts of the appellees, and thus the hospitals should be ordered to forfeit some of their recovery to appellees.

We note the following conclusions of law by the trial court:

3. Because compensability is not disputed in most workers' compensation claims and medical compensation is routinely paid without great dispute in cases of accepted compensability, attorneys' fees are usually based only upon the amount of the wage/disability compensation component, not the undisputed and accepted medical component. Here, however, by far the greater portion of the amount in controversy respecting the claim of plaintiff's counsel for reasonable attorneys' fees is the amount of accrued medical care expenses plaintiff incurred at Sampson Regional Medical Center, UNC Hospitals and UNC Physicians and Associates.

4. Plaintiff's attorneys have rendered valuable legal services to plaintiff's medical care providers as much as they have to plaintiff, in that but for the efforts of plaintiff's counsel, the medical care providers would not have been paid anything in this denied claim, as plaintiff had no health care insurance, no assets of any consequence and no prospect of future earnings.

5. The Industrial Commission erred in not considering the factors enumerated and required by G.S. 97-90(c) in determining reasonable fees, especially the time the attorneys invested, the amount of the accrued medical compensation involved, the exceptional results achieved, the experience and skill level of counsel and the nature of their services in an unusual claim involving complex legal and medical issues stubbornly defended by the defendants, and the risk of no fee at all if not successful in this denied claim.

. . . .

7. G.S. 97-90 and its sub-parts do not limit approval of attorneys' fees to a percentage only of indemnity compensation to the exclusion of medical care compensation recovered by attorneys in denied claims. This Court has reviewed the record and the documentation submitted of plaintiff's counsels' service and considered those factors enumerated by G.S. 97-90(c) and others as mentioned in the Court's findings of fact and conclusions of law,

and has determined in its discretion that plaintiffs' counsel should be awarded a reasonable fee based upon both of the components of the compensation they have recovered, wage indemnity and medical expenses, in the amounts hereinafter set forth.

The trial court set the percentage at 25% and awarded that percentage of both the wage indemnity and the medical compensation, either already paid or still outstanding, to appellees. Notably, in its award the trial court stated:

> 2. That to the extent that the Carrier-Defendant, despite its knowledge of the pendency of this appeal (which continued at issue the previously-asserted claim of plaintiff's counsel), has already unilaterally paid any such amounts to said providers, then, in that event, Companion Property and Casualty, the Carrier-Defendant herein, shall nonetheless make payment of the amounts herein awarded directly to plaintiff's counsel, *but may collect on its own, reimbursement to that extent from such provider(s), who shall be entitled, by the terms of this Order and Award of attorneys' fees, only to the net amount after allowance of the attorneys' fees*[.]

(Emphasis added.) Defendants appeal.

---

Defendants claim that the trial court did not have authority pursuant to N.C. Gen. Stat. § 97-90(c), any other section of the Workers' Compensation Act, or case law to award appellees attorneys' fees out of the reimbursement to be paid the medical providers. We agree.

The trial court's order effectively reduced the award of medical compensation to the hospitals. As can be gleaned from the order, the trial court determined that appellees had done the hospitals a great service, and therefore felt that the deduction was justified in the interest of fairness and equity.

The hearing before the trial court was authorized pursuant to N.C. Gen. Stat. § 97-90(c). That statute "sets out the process through which counsel fees are approved by the Commission and also the procedure for disputing the Commission's decision on such matters." *Creel v. Town of Dover*, 126 N.C. App. 547, 551, 486 S.E.2d 478, 480 (1997). It provides in pertinent part:

> In all other cases where there is no agreement for fee or compensation, the attorney or claimant may, by filing written notice of appeal within five days after receipt of notice of action of the

full Commission *with respect to attorneys' fees*, appeal to the senior resident judge of the superior court of the district of the county in which the cause arose or in which the claimant resides; and upon such appeal said judge shall consider the matter of such fee and determine *in his discretion* the attorneys' fees to be allowed in the cause. The Commission shall, within 20 days after notice of appeal has been filed, transmit its findings and reasons as to its action concerning such fee or compensation to the judge of the superior court designated in the notice of appeal; provided that the Commission shall in no event have any jurisdiction over any attorneys' fees in any third-party action. In any case in which an attorney appeals to the superior court on the question of attorneys' fees, the appealing attorney shall notify the Commission and the employee of any and all proceedings before the superior court on the appeal, and either or both may appear and be represented at such proceedings.

The Commission, in determining an allowance of attorneys' fees, shall examine the record to determine the services rendered. The factors which may be considered by the Commission in allowing a reasonable fee include, but are not limited to, the time invested, the amount involved, the results achieved, whether the fee is fixed or contingent, the customary fee for similar services, the experience and skill level of the attorney, and the nature of the attorney's services.

In making the allowance of attorneys' fees, the Commission shall, upon its own motion or that of an interested party, set forth findings sufficient to support the amount approved.

N.C. Gen. Stat. § 97-90(c) (emphasis added). The trial court noted in conclusion of law #5 that the Full Commission did not make findings as required by the statute as to attorneys' fees with regard to the medical compensation. This is presumably because the Full Commission felt as a matter of law that such an award was untenable, as evidenced by their citation of the *Hyler* case. We note that it appears from the record that appellees complied with the notice requirements of N.C. Gen. Stat. § 97-90(c).

The focus here is the scope of the trial court's authority under this section with respect to the award by the Full Commission.

As we have seen, the focus of the statute itself is solely upon attorneys' fees. It appears to grant the trial court broad discretion

without explicit limitations. Defendant Hospitals contend that it was beyond the scope of authority granted to the trial court by § 97-90(c) to alter the Opinion and Award with respect to the medical compensation award. They bolster this with the fact that § 97-90(c) was enacted to rectify the specific problem of the trial court not having jurisdiction over attorneys' fees in a workers' compensation cases. *See Brice v. Salvage Co.*, 249 N.C. 74, 83, 105 S.E.2d 439, 446 (1958); *Priddy v. Cab Co.*, 2 N.C. App. 331, 335-36, 163 S.E.2d 20, 23 (1968).

Appellees contend that § 97-90(c) does not limit approval of attorneys' fees to a percentage only of indemnity compensation to the exclusion of medical compensation. Further appellees point out that this Court has recognized that, under certain circumstances, it is proper to base the attorneys' fees upon an item other than the indemnity compensation award. *See Church v. Baxter Travenol Laboratories*, 104 N.C. App. 411, 409 S.E.2d 715 (1991); *Cole v. Triangle Brick*, 136 N.C. App. 401, 524 S.E.2d 79 (2000). The analysis in *Church* was as follows:

Defendants' final contention is that the Commission had no authority to reduce the 100% credit for disability payments to 75%, and to award the remaining 25% to plaintiff as attorney's fees. The thrust of defendants' contention is that plaintiff's case is controlled by *Foster v. Western-Electric Co.*, 320 N.C. 113, 357 S.E.2d 670 (1987). *Foster* concerned a situation in which an injured employee was awarded $7,598.16 from her employer's private insurer. Later the Industrial Commission entered a worker's compensation award in the amount of $6,741.96 and denied the employer *any* credit for the prior payment of $7,598.16. In reversing the Commission's conclusion our Supreme Court stated:

[P]olicy considerations dictate that an employer such as defendant in this case, who has paid an employee's wage-replacement benefits at the time of that employee's greatest need, should not be penalized by being denied full credit for the amount paid as against the amount which was subsequently determined to be due the employee under workers' compensation.

*Id.* at 117, 357 S.E.2d at 673. We recognize *Foster*'s mandate, however, when *Foster* is read in view of G.S. 97-42 and policy considerations, the decision of the Commission must stand.

G.S. 97-42 dictates that any payments made by an employer to the injured employee during the period of her disability which were not due and payable when made, may, *subject to the approval* of the Industrial Commission, be deducted from the amount to be paid as workers' compensation. *Foster* recognized that the Commission must not make a complete denial of the credit to the employer; however, that is not the situation here. In the instant case, the Commission decided to award a credit to the defendant-employer, albeit not a full 100% credit.

The Commission's justification for not awarding the full credit was more than adequate. Baxter Travenol's private insurer paid the plaintiff only $2,797.44; the Commission later awarded $3,769.79 to plaintiff. The difference between these awards was less than $1,000—a very small amount for any plaintiff to contest. In order to award attorney's fees of any significance, the Commission correctly calculated the fees on the basis of the total award instead of the $1,000 difference. As the Commission recognized, in contested workers' compensation cases today, access to competent legal counsel is a virtual necessity. If attorney's fees were allowed to be calculated from only the difference between the workers' compensation award and the private insurer's payment, then almost no attorney could afford to take a contested case where voluntary payments had already been made. Leaving injured employees without the representation they need to obtain the complete and total amount of their workers' compensation award would defeat the purposes of the Act. In fact, employers would be encouraged to contest liability and meanwhile make voluntary payments less than that required by the Workers' Compensation Act.

The Commission's award in its discretion of a 75% credit to defendant for payments made through its private insurer and the award of the remaining 25% to plaintiff to fund attorney's fees based upon the full workers' compensation award is well within the Commission's discretionary authority. The Commission's action compensated plaintiff's counsel for his essential legal services, and the award was within the Commission's authority to approve fee payments pursuant to G.S. 97-90(c).

*Church*, 104 N.C. App. at 415-17, 409 S.E.2d at 717-18.

While *Church* is no doubt instructive as to policy, it is distinguishable from the case at bar. The main difference is the type of

money being discussed. The present case does not involve money that went to the employee as in *Church*, but money that goes to the hospitals that provided care to the employee. The Workers' Compensation Act addresses medical payments in several provisions, which appear to provide implicit limitations upon the discretion of the trial court under § 97-90(c). *See* N.C. Gen. Stat. § 97-59 (2001) (stating "[m]edical compensation *shall* be paid by the employer in cases in which awards are made for disability or damage to organs as a result of an occupational disease after bills for same have been approved by the Industrial Commission"). *Id.* (emphasis added). The clearest mandate of the Act is under N.C. Gen. Stat. § 97-26(a) & (b) (2001). Section (a) commands that the Commission shall adopt a fee schedule for medical compensation to determine how much reimbursement goes to providers and states that

> fees adopted by the Commission in its schedule shall be adequate to ensure that (i) injured workers are provided the standard of services and care intended by this Chapter, (ii) providers are reimbursed reasonable fees for providing these services, and (iii) medical costs are adequately contained.

*Id.* Following this, section (b) states:

> Each hospital subject to the provisions of this subsection *shall be reimbursed* the amount provided for in this subsection unless it has agreed under contract with the insurer, managed care organization, employer . . . to accept a different amount or reimbursement methodology.
>
> Except as otherwise provided herein, payment for medical treatment and services rendered to workers' compensation patients by a hospital shall be a reasonable fee determined by the Commission.

*Id.* (emphasis added).

Further, § 97-90(a) and § 97-91 put the approval of medical fees squarely before the Commission. *See Hansen v. Crystal Ford-Mercury, Inc.*, 138 N.C. App. 369, 376, 531 S.E.2d 867, 871 (2000).

> [T]he North Carolina Supreme Court has . . . held that the jurisdiction of the Industrial Commission, under N.C. Gen. Stat. § 97-91,
>
> > is not limited . . . solely to questions arising out of an employer-employee relationship or in the determination of

rights asserted by or on behalf of an injured employee. *Clark v. Ice Cream Co.*, 261 N.C. 234, 134 S.E.2d 354, did not so hold. On the contrary the North Carolina Supreme Court has held in *Worsley v. Pipes*, 229 N.C. 465, 50 S.E.2d 504, and in *Macros v. Owen*, 229 N.C. 472, 50 S.E.2d 509, that the sole remedy of a physician to recover for services rendered to an injured employee in cases where the employee and his employer are subject to the Workmen's Compensation Act is by application to the Industrial Commission in accordance with the Act, with right of appeal to the courts for review, and that this remedy is exclusive. These decisions are equally applicable to charges for hospital services rendered to employees in Workmen's Compensation cases.

*Wake County Hospital v. Industrial Comm.*, 8 N.C. App. 259, 261, 174 S.E.2d 292, 293 (1970), *overruled on other grounds by Charlotte-Mecklenburg Hospital Authority v. Industrial Comm.*, 336 N.C. 200, 211, 443 S.E.2d 716, 723 (1994).

*Hansen*, 138 N.C. App. at 375-76, 531 S.E.2d at 871.

The Industrial Commission has recognized that unusual cases may warrant fees higher than that allowed under the fee schedule. The Industrial Commission's Rule 407 provides in part:

However, in *special hardship cases* where sufficient reason is demonstrated to the Industrial Commission, fees in excess of those so published may be allowed. Persons who disagree with the allowance of such fees in any case may make application for and obtain a full review of the matter before the Industrial Commission as in all other cases provided.

Workers' Comp. R. of N.C. Indus. Comm'n 407(1), 2003 Ann. R. (N.C.) 829, 829 (emphasis added).

Thus, medical compensation is solely in the realm of the Industrial Commission, and § 97-90(c) gives no authority to the superior court to adjust such an award under the guise of attorneys' fees. *But see Charlotte-Mecklenburg Hospital Authority v. Industrial Comm.*, 336 N.C. at 211, 443 S.E.2d at 723 (While individual compensation issues are within the purview of the Industrial Commission, wholesale challenges to the fee schedules and the like are proper subjects of Declaratory Judgment actions in the superior court.). Doing so constitutes an improper invasion of the province of the Industrial Commission, and constitutes an abuse of discretion.

PALMER v. JACKSON

[157 N.C. App. 625 (2003)]

While the Industrial Commission recognizes that there may well be unusual "hardship" cases that warrant higher medical compensation in Rule 407, no such rule has been promulgated as to exceptional legal services. We have seen the Industrial Commission use its discretion to increase compensation to attorneys in *Church*. It focused on the concern that absent an increase in compensation, counsel would have no incentive to take such cases in the future. This result would leave deserving claimants uncompensated.

In the case at bar, the trial court was attempting to respond to a hardship scenario by increasing the attorneys' fees in light of the extraordinary job done despite a low indemnity recovery. Yet, the trial court's justification that the hospitals owed the attorneys for their performance is untenable.

Additionally, the trial court was apparently under the impression that defendant carrier was attempting to circumscribe the trial court's discretion by making payments to the hospitals while the § 97-90 appeal was pending. In actuality, the payments to the hospitals were required pursuant to N.C. Gen. Stat. § 97-18 (2001).

While we have held that the trial court cannot reduce the amount of medical compensation by diverting a portion of such compensation to attorneys' fees, that does not mean that it has no authority to review the adequacy of the Industrial Commission's decision regarding legal fees.

In determining the meaning of N.C. Gen. Stat. § 97-90(c), we follow traditional rules of statutory construction:

> "Legislative intent controls the meaning of a statute; and in ascertaining this intent, a court must consider the act as a whole, weighing the language of the statute, its spirit, and that which the statute seeks to accomplish. The statute's words should be given their natural and ordinary meaning unless the context requires them to be construed differently."

*Haler*, 333 N.C. at 262, 425 S.E.2d at 701 (quoting *Shelton v. Morehead Memorial Hospital*, 318 N.C. 76, 82, 347 S.E.2d 824, 828 (1986)).

The legislature has placed no limitation on the superior court's discretion in awarding fees pursuant to § 97-90(c). It has merely provided the Industrial Commission and the trial court with guidance as to the factors to be considered when an attorneys' fees award is being

decided. The trial court, pursuant to its discretion under § 97-90, appears to have the authority to fashion an attorneys' fees award that would take into account the special circumstances of a case such as the one at bar as the workers' compensation rules provide for doctors in the medical compensation realm. When an insurance carrier is responsible for attorneys' fees pursuant to N.C. Gen. Stat. § 97-88.1, the trial court may award attorneys an amount based on a percentage of the medical compensation recovered to be paid by the bad faith carrier over and above what they have already been ordered to pay to the medical providers and the claimant. For example, the facts in the present case were that the Industrial Commission awarded claimant indemnity compensation (including penalties). Further, it ordered that the medical providers be compensated for their bills, totaling approximately $410,000.00. Both of these amounts were to be paid by defendant carrier. The Commission then awarded appellees attorneys' fees in an amount equal to 25% of the indemnity award. This amount was also to be paid by the defendant carrier as it had violated § 97-88.1. On appeal from the Industrial Commission, the trial court, in its discretion pursuant to § 97-90(c), could determine that the appellees should be further compensated. Upon the proper findings of fact as to the work and the special nature of the case, the trial court could order that the defendant carrier should further pay appellees an amount based upon a percentage (be it 1%, 5%, 10% or so on) of the $410,000.00 medical compensation. This amount would be over and above what was ordered by the Industrial Commission to be paid by defendant carrier. Such a result appears to be within the power of the trial court as prescribed by § 97-90(c) and reviewable only for an abuse of discretion.

This matter is therefore vacated and remanded to the trial court for a determination of an appropriate attorney fee. The trial court is not prohibited from utilizing a percentage of the medical compensation as a basis for a fee. The trial court may not, however, reduce the compensation paid to medical providers in order to fund the fee award. In making its determination, the trial court should be guided by the factors set forth in the N.C. Gen. Stat. § 97-90(c).

Vacated and remanded.

Chief Judge EAGLES and Judge ELMORE concur.