***********
The Full Commission reviewed the prior Order based upon the record before Deputy Commissioner Baddour, and the briefs and oral arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission hereby reverses the Deputy Commissioner's Order on the issue of attorney's fees and enters the following Opinion and Award on the issue.
 ***********
The parties have submitted a list of stipulated exhibits, which have been received into evidence by the Full Commission as:
 EXHIBITS a. March 12, 2008 Order entered by Deputy Commissioner Baddour; *Page 2 
 b. Fully Executed Compromise Settlement;
 c. E-mail correspondence (January 30 and 31, 2008)
 d. E-mail correspondence (January 31, 2008);
 e. Workers' Compensation Contingent Fee Agreement;
 f. E-mail correspondence (February 19, 2008);
 g. Notice of Appeal;
 h. CMS approval of the proposed Medicare-Set Aside arrangement;
 i. Affidavit of Linda F. Mason;
 j. Fee petition correspondence; and
 k. Correspondence from the Docket Director (April 18, 2008).
 ***********
Based upon all the competent evidence of record, and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. A Form 19 was filed by the defendant-employer on November 21, 2002, indicating that the plaintiff had tripped, fallen into a desk and "smashed her nose, cheeks, and ear. . . ." The plaintiff filed a Form 18 on February 15, 2003, in regard to the November 21, 2002 incident. Without accepting or denying the case, the defendants made certain medical and indemnity payments in the case. Subsequently, disputes arose between the parties as to reinstatement of indemnity benefits and the need for additional medical treatment.
2. On February 22, 2007, the plaintiff filed a Form 33 requesting a hearing in the matter. The defendants filed a Form 33R in response on March 2, 2007. An expedited hearing *Page 3 
was requested, and the matter was heard before Deputy Commissioner Philip A. Baddour III on October 24, 2007.
3. Following the hearing before the Deputy Commissioner, the parties attended a voluntary mediated settlement conference on November 5, 2007. The parties subsequently reached an agreement as to the terms of settlement on November 13, 2007. The essential settlement terms included a lump sum payment to the plaintiff of $137,000.00, seed money for a self-administered Medicare Set-Aside (MSA) account in the amount of $34,505.73, and 13 years worth of MSA annuity payments of $6,204.06 each.
4. A fully executed compromise settlement agreement and related exhibits were forwarded to Deputy Commissioner Baddour on January 3, 2008, along with an attorney's fee request and a copy of the fee agreement/contract between the plaintiff and her counsel. Plaintiff was copied on the fee request that sought approval of a $55,135.00 fee, representing twenty-five percent (25%) of the total lump sum of $171,505.73 ($137,000.00 in non-MSA related funds and $34,505.73 in seed money) plus the present value ($49,053.03) of the MSA annuity portion of the settlement.
5. The record shows that Deputy Commissioner Baddour, via two e-mails on January 30, 2008, requested revisions of the clincher based on his belief that (1) he could not award an attorney fee based on medical expenses, and (2) the fee agreement did not allow for a fee to be based upon MSA amounts. Counsel for plaintiff replied in support of her position that the fee contract does allow her to request a fee based on the MSA amounts involved, and that such amounts are not medical expenses.
6. On March 12, 2008, Deputy Commissioner Baddour entered an Order approving the compromise settlement agreement with a reduced fee of $34,250.00. The Order did not state *Page 4 
the Deputy Commissioner's reasons for awarding an attorney's fee that was less than the requested fee.
7. Counsel for the plaintiff contends that neither of the two issues raised by Deputy Commissioner Baddour, prior to the entry of his March 12, 2008 Order, provide a legitimate legal basis for awarding a fee less than what was requested by the plaintiff's counsel.
8. The record, including an Affidavit by Linda F. Mason, the plaintiff in this matter, shows that Ms. Mason anticipated that an attorney's fee representing twenty-five percent (25%) of her total settlement amount would be awarded to her counsel.
9. Based on a careful review of the record in this matter, including the compromise settlement agreement between the parties, and the fee agreement between the plaintiff and her counsel, the Full Commission finds that (1) the Medicare Set-Aside amounts are not medical expenses, and (2) there is nothing within the fee agreement to bar the plaintiff's counsel from collecting a fee based upon Medicare Set-Aside funds. It is clear from the compromised settlement agreement that the MSA funds were to be placed in a Self-Administered Medicare Set-Aside Fund, meaning the funds were to be placed directly into the hands of the plaintiff, and not a medical provider. Though the plaintiff is advised to use these funds for injury-related medical expenses, the reality is that the plaintiff may spend these funds in any way she chooses. Thus, it is improper to treat the MSA funds in this matter as medical expenses.
10 For the reasons stated herein, the Full Commission finds that the attorney's fees awarded to plaintiff's counsel in this matter should be twenty-five percent (25%) of the total settlement amount in this matter, $171,505.73, which yields an attorney's fee in the amount of $55,135.00.
 *********** *Page 5 
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. It is well settled that attorney's fees may not be based upon settlement funds that will be diverted directly to medical providers for the payment of medical expenses. Palmer v. Jackson, 157 N.C.App. 625
at 630, 636, 579 S.E.2d 901 at 905, 909 (2003). However, the Full Commission concludes that the facts of the present case are distinguished from Palmer. It is clear from the compromised settlement agreement that the MSA funds were to be placed in a Self-Administered Medicare Set-Aside Fund, meaning the funds were to be placed directly into the hands of the plaintiff, and not a medical provider. Though the plaintiff is advised to use these funds for injury-related medical expenses, the reality is that the plaintiff may spend these funds in any way she chooses. Thus, it is improper to treat the MSA funds in this matter as medical expenses. See Id.
2. Based on a careful review of the record in this matter, including the compromise settlement agreement between the parties, and the fee agreement between the plaintiff and her counsel, the Full Commission concludes that (1) the Medicare Set-Aside amounts are not medical expenses, and (2) there is nothing within the fee agreement to bar the plaintiff's counsel from collecting a fee based upon Medicare Set-Aside funds. N.C. Gen. Stat. § 97-17; and Industrial Commission Rule 502.
3. For the reasons stated herein, the Full Commission concludes that the attorney's fees awarded to plaintiff's counsel in this matter should be twenty-five percent (25%) of the total settlement amount in this matter, $171,505.73, which yields an attorney's fee in the amount of $55,135.00. Id. *Page 6 
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. The March 12, 2008 Order approving a Compromised Settlement Agreement by Deputy Commissioner Philip A. Baddour III is hereby AMENDED as follows:
 An attorney fee of $55,135.00 is approved for Plaintiff's counsel of record. This amount shall be deducted from the sum due Plaintiff and paid directly to Plaintiff's counsel.
2. This Opinion and Award is limited to the issue of attorney's fees in this case and does not address any other issues in the matter. All other terms contained within the March 12, 2008 Order approving a Compromised Settlement Agreement by Deputy Commissioner Philip A. Baddour III shall remain in full force and effect.
3. Each party shall pay its own costs.
This 8th day of August 2008.
 S/___________________
 CHRISTOPHER SCOTT
 COMMISSIONER
CONCURRING:
 S/___________________ BUCK LATTIMORE COMMISSIONER
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1