I respectfully dissent from that portion of the majority opinion herein declining to award payment of an attorney's fee to plaintiff's counsel by defendants based upon a percentage of the medical compensation owed to plaintiff's medical providers as permitted by Palmer v. Jackson,157 N.C. App. 625, 579 S.E.2d 901 (2003) and the broad powers of N.C. Gen. Stat. § 97-90(c).
Plaintiff contracted lung cancer which was caused by his exposure to asbestos fibers. Defendants denied the claim necessitating an evidentiary hearing, the production of voluminous documentary evidence and expert witness testimony. Counsel for plaintiff expended numerous hours litigating this complex case which resulted in the payment of medical compensation to plaintiff, but no indemnity compensation because plaintiff was already incapable of working due to other medical conditions at the time he developed his compensable lung cancer.
Plaintiff has incurred extensive medical treatment for his asbestos related lung cancer and will require continued care in the future. Plaintiff's counsel provided valuable services to plaintiff in obtaining an award of medical compensation. Requiring an attorney to obtain an award of indemnity compensation as a precondition to an award of attorney's fees could have a chilling effect on the ability of future litigants to obtain legal representation in meritorious cases involving only medical compensation.
I agree with the decision of the Deputy Commissioner on attorney fees and would award plaintiff either a percentage of all accrued medical compensation owed as a result of plaintiff's *Page 16 
asbestosis related lung cancer, or for reasonable time expended in representation of plaintiff in this matter, to be paid by defendants.
I concur with all other portions of the Opinion and Award of the Full Commission herein.
This the ___ day of August 2011.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1