### WILLIAM T. USSERY v. ERLANGER COTTON MILLS, AND ÆTNA LIFE INSURANCE COMPANY.

(Filed 25 November, 1931.)

**1. Master and Servant F b—Findings of fact necessary to support award for hernia.**

In order to award compensation to an employee for an accident resulting in hernia there must be evidence that the hernia immediately followed the accident, was accompanied by pain, and that the applicant did not have hernia prior thereto, and it is sufficient for the Commission to find these facts and award compensation if the pain immediately followed the accident although the hernia was not discovered until diagnosis by a physician some days thereafter, ten days in this case. N. C. Code (Michie), 8180.

**2. Master and Servant F i—Where fact necessary to support award has not been found the case will be remanded, the evidence being sufficient.**

In order for the Industrial Commission to award compensation to an employee suffering from hernia as a result of an accident arising out of and in the course of his employment it required that the Commission find the necessary facts upon the evidence, and in the absence of such findings, where the evidence is sufficient, on appeal to the Supreme Court the case will be remanded to the Superior Court for the latter court to remand it to the Industrial Commission, the last named being the only jurisdiction in which the evidence may be considered and passed upon.

APPEAL by defendant, Ætna Life Insurance Company, from *Harwood, Special Judge,* at July Term, 1931, of DAVIDSON. Remanded.

This is a proceeding under the provisions of the North Carolina Workmen's Compensation Act, chapter 133A, Code, 1931. The plaintiff is an employee of the defendant, Erlanger Cotton Mills; the defendant, Ætna Life Insurance Company, is the carrier for its codefendant. Both plaintiff and defendants are subject to the provisions of the act, Code, 1931, sec. 8081K.

The facts found at the hearing before the North Carolina Industrial Commission are as follows:

"1. That the plaintiff was regularly employed by the defendant employer on 10 November, 1930, at an average weekly wage of $15.83.

2. That the plaintiff sustained an accidental injury resulting in a left inguinal hernia on 10 November, 1930, which appeared suddenly with pain following an accident, and he did not have said hernia prior.

3. That the plaintiff has lost no time from his regular work because of said hernia."

On the foregoing facts, the Commission awarded the plaintiff "an operation to cure the left inguinal hernia and compensation at $9.50 (60 per cent of $15.83) per week for such period of time as the plaintiff is unable to work because of said operation, as provided by section 2(r) of the North Carolina Workmen's Compensation Act.

The defendant shall pay to the proper parties all necessary medical and surgical and hospital costs in this case. The defendant will pay the costs of this hearing."

From this award, the defendant, Ætna Life Insurance Company, the carrier for its codefendant, appealed to the judge of the Superior Court of Davidson County. From judgment affirming the award, the defendant appealed to the Supreme Court.

*Martin & Brinkley for appellee.*
*Sapp & Sapp for appellant.*

CONNOR, J. Section 2(r), chapter 129, Public Laws of North Carolina, 1929, (section 8081(i), Code, 1931), is as follows:

"In all claims for compensation for hernia or rupture, resulting from injury by accident arising out of and in the course of the employee's employment, it must be definitely proven to the satisfaction of the Industrial Commission:

First, That there was an injury resulting in hernia or rupture;

Second, That the hernia or rupture appeared suddenly;

Third, That it was accompanied by pain;

Fourth, That the hernia or rupture immediately followed an accident;

Fifth, That the hernia or rupture did not exist prior to the accident for which compensation is claimed.

All hernia or rupture, inguinal, femeral or otherwise, so proven to be the result of an injury by accident arising out of and in the course of employment, shall be treated in a surgical manner by a radical operation. . . . In case the injured employee refuses to undergo the radical operation for the cure of said hernia or rupture, no compensation will

be allowed during the time such refusal continues. If, however, it is shown that the employee has some chronic disease or is otherwise in such physical condition that the Commission considers it unsafe for the employee to undergo said operation, the employee shall be paid compensation in accordance with the provisions of this act."

In this case the appellant contends that the facts found by the Industrial Commission are not sufficient to support the award made by said Commission, for the reason that it is not found that the hernia for which the employee claims compensation immediately followed an accident, resulting in injury. This contention must be sustained because of the express provisions of the statute.

The evidence at the hearing before the Industrial Commission tended to show that the plaintiff suffered the injury by accident on 10 November, 1930, which arose out of and was in the course of his employment. Ten days thereafter an examination by a physician disclosed that he then had a sliding inguinal hernia on the left side. The plaintiff testified that at the time of his injury he felt a sharp pain. This pain continued for ten days when he first consulted the physician. He testified that he did not have a hernia prior to the accident. This testimony, if found to be true by the Industrial Commission, would be sufficient, we think, to support a finding by said Commission that the hernia discovered by the physician on 20 November, 1930, immediately followed the accident on 10 November, 1930. It is immaterial that the plaintiff did not know until advised by the physician that he had a hernia. If in fact the hernia immediately followed the accident, that is sufficient under the statute.

As there was evidence from which the Industrial Commission, which alone under the statute may find the facts in a proceeding for compensation under the provisions of the North Carolina Workmen's Compensation Act, may find that the plaintiff suffered a hernia which immediately followed the accident, the proceeding is remanded to the Superior Court of Davidson County with direction that it then be remanded to the North Carolina Industrial Commission that said Commission may consider the evidence and find whether or not the hernia which plaintiff suffered followed immediately the accident which occurred on 10 November, 1930. In the absence of such finding, specifically and definitely made by the Industrial Commission, the plaintiff upon the facts disclosed by the evidence, is not entitled to compensation, and his claim should be disallowed. We do not reverse the judgment of the Superior Court on this appeal, as there was evidence at the hearing before the Industrial Commission tending to establish all the facts required by the

statute to support the award made by the said Commission. Of course, neither this Court nor the Superior Court, upon appeal from the award of the Industrial Commission, can consider the evidence and determine therefrom what the facts are. This is a matter exclusively for the Industrial Commission.

Remanded.