LAQUE RICHEY v. ERLANGER COTTON MILLS AND ÆTNA LIFE
INSURANCE COMPANY.

(Filed 30 November, 1932.)

**Master and Servant F i—Whether facts necessary for compensation for
hernia are satisfactorily proven is for Commission and not for Court.**

The North Carolina Compensation Act provides that no compensation
shall be allowed for hernia unless the evidence offered at the hearing be-
fore the Industrial Commission is sufficient in the opinion of the Com-
mission to prove definitely to the satisfaction of the Commission the five
requisite facts set out in the statute, and where the Industrial Commis-
sion has denied compensation upon the evidence because the requisite
facts were not proven to its satisfaction it is error for the Superior Court
on appeal to remand the case for compensation on the ground that the
requisite facts were proven to the satisfaction of the trial judge.

APPEAL by defendants from *Sink, J.,* at April Term, 1932, of
DAVIDSON. Reversed.

This is a proceeding begun and prosecuted before the North Carolina
Industrial Commission for an award under the provisions of the North
Carolina Workmen's Compensation Act of compensation for a hernia
suffered by the claimant and resulting from an injury by accident which
arose out of and in the course of his employment by the respondent,
Erlanger Cotton Mills. The Ætna Life Insurance Company is the
carrier for said respondent.

The proceedings was heard by the Commission on the appeal of the
claimant from an award made by Commissioner Dorsett, who denied
compensation. The Commission was of opinion that the evidence offered
by the claimant was not sufficient to show by its greater weight the facts
with respect to the hernia which are required by the statute for an award
of compensation, and for that reason approved the award of Commis-
sioner Dorsett, and denied compensation. The claimant appealed from
the award of the Commission to the Superior Court of Davidson County.
At the hearing of this appeal judgment was rendered as follows:

"This cause coming on to be heard and being heard before the Hon-
orable H. Hoyle Sink, judge presiding at the April Civil Term, 1932, of
the Superior Court of Davidson County, on an appeal from an award of
the North Carolina Industrial Commission, affirming an award of the
Industrial Commissioner dismissing this claim for compensation for a
hernia on the ground that the requirements of section two(r) of the
Workmen's Compensation Act were not complied with, and the court,

after hearing the evidence and the argument of counsel, being of the opinion that the five requirements for compensation have been met, it is, therefore, upon motion of A. J. Newton and Walser & Walser, attorneys, ordered, adjudged and decreed that the case be remanded to the North Carolina Industrial Commission, and that an award be entered by the said Commission in accordance with the evidence, and the judgment of this court."

From this judgment, respondents appealed to the Supreme Court.

*A. J. Newton and Walser & Walser for claimant.*
*Sapp & Sapp for respondents.*

CONNOR, J. It is provided by the North Carolina Workmen's Compensation Act that "in all claims for compensation for hernia, or rupture, resulting from injury by accident arising out of and in the course of the employee's employment," certain facts must be definitely proven to the satisfaction of the Industrial Commission; otherwise, compensation cannot be awarded. In the instant case, these facts were not so proven to the satisfaction of the Commission, and for that reason compensation was denied. On respondent's appeal from the award of the Commission to the Superior Court, the judge heard the evidence, and concluded therefrom that the five requisite facts were so proven to his satisfaction. He thereupon remanded the proceedings to the Commission, with direction that the Commission allow compensation. In this there was error.

In *Ussery v. Cotton Mills,* 201 N. C., 688, 161 S. E., 307, it is said: "Of course, neither this Court nor the Superior Court, upon appeal from the award of the Industrial Commission, can consider the evidence and determine therefrom what the facts are. This is a matter exclusively for the Industrial Commission."

The statute in express language provides that no compensation shall be allowed for a hernia, unless the evidence offered at the hearing before the Industrial Commission is sufficient in the opinion of the Commission to prove definitely to the satisfaction of the Commission the five requisite facts set out in the statute. In view of this language, the judge of the Superior Court was without power to find the facts contrary to the conclusions of the Commission, and upon such findings set aside the award of the Commission in the instant case. The award should be affirmed. The judgment is

Reversed.