MATTIE ROBINSON BRICE, WIDOW; ALICE BUSH BRICE, WIDOW; EMMA LEE BRICE, WIDOW: WILLIE BRICE, ELIZABETH BRICE, DAVID BRICE, JR., SAMUEL BRICE, JAMES T. BRICE AND DOROTHY LEE BRICE, CHILDREN OF DAVID BRICE, DECEASED, EMPLOYEE. v. ROBERTSON HOUSE MOVING, WRECKING AND SALVAGE COMPANY, EMPLOYER; BITUMINOUS CASUALTY CORPORATION, CARRIER.

(Filed 29 October, 1958.)

**1. Appeal and Error § 2—**

The Supreme Court, in the exercise of its supervisory jurisdiction, has the power to issue any remedial writs necessary to give it general supervision and control over the proceedings of the inferior courts, Constitution of North Carolina, Article IV, section 8, and in proper instances

it will grant *certiorari* to review an order of the superior court involving a matter of public interest in order to promote the expeditious adminis- tration of justice.

**2. Master and Servant § 55d—**

The Industrial Commission is constituted the fact finding body in pro- ceedings coming within its jurisdiction, G.S. 97-77, and review on appeal from its judgment is limited to the legal questions of whether there is competent evidence to support its findings and whether such findings sup- port its legal conclusions, and the superior court cannot in any event consider evidence on appeal for the purpose of finding the facts for it- self, its power being limited to remand of the cause for proper findings if the findings of the Commission are insufficient to enable the court to determine the rights of the parties.

**3. Master and Servant § 53b(4)—**

The provisions of G.S. 97-90 that the Industrial Commission approve fees for attorneys implies the exercise of discretion and judgment by the Commission, and the superior court on appeal is without power to hear evidence upon the question and strike out the fee allowed by the Commission and approve a fee in a different amount.

PARKER, J., not sitting.

Proceeding under the North Carolina Workmen's Compensation Act, General Statutes, Chapter 97 as amended, coming before the Supreme Court of North Carolina by order on petition for *certiorari* filed by the Attorney General of North Carolina, J. W. Bean, Chair- man of the North Carolina Industrial Commission, and the North Carolina Industrial Commission for judicial review of judgment of the Honorable Francis O. Clarkson, Senior Resident Judge of the 26th Judicial District of North Carolina, dated 21 March, 1958, striking out as inadequate award of the North Carolina Industrial Commission in respect to attorneys' fees of $850.00, "fixed and allowed" for claimant's attorneys and in lieu thereof "approving and allowing" a fee of $1,931.37, and ordering same paid to said attorneys.

The record of the proceeding, as certified to this Court, shows that a hearing was had before Commissioner Frank H. Gibbs at Charlotte on 2 March, 1957, all parties being represented, at which time the parties stipulated, and the Commissioner found jurisdictional facts, and made conclusions of law as to employer-employee relationship between deceased employee and defendant employer at the time com- plained of, as to injury by accident arising out of and in the course of his employment by defendant employer, resulting in his death on 19 February, 1957, and as to the average weekly wage of employee, $34.88, at time of his death, by which award to beneficiary is de- termined.

The record further discloses that at said hearing three women were present or represented by attorneys, each claiming to be the widow

of the deceased employee, but one of them present in person made
no claim for compensation. One of the other two, Alice Bush Brice,
was represented by Charles M. Welling and Elbert E. Foster, attor-
neys of Charlotte, North Carolina. The hearing commissioner found
facts on which he concluded as a matter of law by way of award (1)
that Alice Bush Brice is the widow of the deceased employee, and
entitled to compensation payable by defendants for his death at the
rate of $20.93 per week for a period of 350 weeks, beginning 19 Feb-
ruary, 1957; and (2) after providing for payment by defendants of
(a) funeral benefit of $400.00, (b) all medical expenses, "when bills
for the same shall have been submitted to and approved by the In-
dustrial Commission," and (c) certain costs, the hearing commis-
sioner awarded (paragraph 6) "that a fee in the sum of $750.00 is
hereby approved and allowed for the plaintiff Alice Bush Brice's at-
torneys, and the same shall be deducted from the compensation here-
in ordered paid said plaintiff and paid directly to said attorneys."
And accordingly an award was filed 29 July, 1957, and received 6
August, 1957.

Thereafter, on 9 August, 1957, Elbert E. Foster and Charles M.
Welling, attorneys for Alice B. Brice, widow, came and objected and
excepted to "paragraph 6 of the award as entered, allowing attorneys'
fee to them, on the grounds": (1) That said attorney fee allowed in
the sum of $750.00 to said attorneys is grossly inadequate, entirely
insufficient, unreasonable and contrary to the course and practice of
the Bar, and

"(2) That the said fee as allowed of $750.00 to said two attorneys
for the professional services rendered said claimant in said case, where-
in the sum of approximately $7,700.00 was recovered by said claimant
does not in any measure compensate said attorneys for the services
rendered, the efforts expended, and the expenses incurred in perform-
ing the legal services necessary to a successful conclusion of the mat-
ter."

Thereafter on 12 August, 1957, the hearing commissioner entered
an order, in which it is found that "it has been made to appear that
fee of $750.00 is not adequate for the services rendered by said at-
torneys, and that a fee of $850.00 should be allowed in lieu of the
fee theretofore approved." And, therefore, it was ordered "that the
original opinion and award filed in this cause on 29 July, 1957, be,
and the same is hereby amended by striking out paragraph 6 in said
award and inserting in lieu thereof the following: '(6) That a fee in
the sum of $850.00 is hereby approved and allowed for the plaintiff
Alice Bush Brice's attorneys, and the same shall be deducted from
the compensation herein ordered paid said plaintiff and paid directly
to said attorneys.'" And in accordance therewith the original award

was amended to that extent, but "in all other respects the said original award is unchanged and remains in full force and effect."

Thereupon the said attorneys objected and excepted and appealed to the Full Commission on substantially the same grounds as hereinabove shown, and requested a hearing in the usual course in Charlotte, N. C., "prior to the hearing before the Full Commission for the purpose of presenting evidence as to the reasonable value of services rendered and as to the course and practice of the Bar in connection with legal matters on a contingent fee basis, and that the Commission make an award approving reasonable attorney fees in the sum of not less than $2,000.00 as a fair reasonable and adequate attorney fee commensurate with the legal services performed by them for the claimant, and which the claimant has heretofore on August 9, 1957, by letter to the Commission requested that a fee of $2,000.00 be approved for her attorneys and urges the Commission to so act."

The record does not show that such preview hearing in Charlotte was held, but the record does contain affidavits of eleven licensed attorneys, members of the North Carolina State Bar and the Twenty-Sixth Judicial District Bar Association, practicing in Mecklenburg, each of whom states, among other things, his familiarity with the contingent fees charged in said county, and what is the normal contingent fee charged by attorneys practicing there.

The record shows that said attorneys amended their objections and exceptions to the attorneys fee as allowed and notice of appeal, by adding thereto seven additional grounds for appeal and review, including charges, among other things, that Commission abused any discretion it had, and "that in fixing and approving said fee acted unreasonably, arbitrarily and capriciously."

The record also shows that the proceeding came on for review by the Full Commission on 12 December, 1957, and that Commissioner N. F. Ransdell wrote opinion for the Full Commission. And in this opinion it is stated as follows:

"The Commission has carefully, minutely, and thoroughly considered the amount of work involved in the trial of this cause. The Full Commission has carefully read and studied each and every affidavit filed by members of the North Carolina State Bar and the 26th Judicial Bar Association, the agreement and affidavit of plaintiff Alice Bush Brice, the affidavits of the appealing counsel, the letter dated August 15, 1957, from Mr. Harry DuMont, attorney for the defendants, together with any and all other documentary matters contained in the Commission's file in this case. After carefully considering these matters, together with the argument before the Full Commission of the attorneys representing the successful plaintiff, the Commission finds as a fact that the fee in the amount of $850.00

heretofore approved by Commissioner Frank H. Gibbs, who conducted the hearing of this matter in Charlotte, is a fair, just, adequate and reasonable fee."

"* * * It is ordered that the fees heretofore approved and allowed in this case be, and the same are hereby in all respects approved and affirmed. The motion on the part of counsel for Alice Bush Brice is hereby denied. The defendants shall comply with the award of the Commission heretofore entered in this case."

The attorneys objected and excepted and appealed to Superior Court, assigning numerous exceptions, all pertaining to the award of attorneys fees as made by the Full Commission.

The cause came on for hearing, and was heard before Judge Clarkson, as first above related, who made findings of fact purporting to relate to the whole case, more particularly that "a fee of $850.00, which was fixed and allowed by the North Carolina Industrial Commission as a fee for the successful claimant's attorneys is not adequate to compensate the claimant's attorneys for services rendered in this matter"; and that "a fee amounting to 25% of the total recovery would be fair, just, reasonable and adequate fee for the services performed by said attorneys, on behalf of their client."

Thereupon on 21 March, 1958, the Judge "ordered, adjudged and decreed that the award of the Full Commission heretofore entered in respect to attorney fees fixed and allowed for the claimant's attorneys is stricken as being an inadequate fee for said attorneys; that in lieu of said $850.00 a fee of $1,931.37 to attorneys Elbert E. Foster and Charles M. Welling be, and the same is hereby approved and allowed for all the legal services rendered and expenses incurred by said attorneys in representing the claimant Alice Brice in the above entitled cause, and said fee of $1,931.37 shall be deducted from the compensation due and ordered by the Industrial Commission paid by the defendants to Alice Brice and that said sum of $1,931.37 shall be paid directly to said attorneys by the compensation carrier Bituminous Casualty Corporation.

"* * * that this judgment be certified to the North Carolina Industrial Commission at Raleigh, N. C., by the Clerk of this court.

"* * * that the North Carolina Industrial Commission shall upon receipt of a certified copy of this judgment enter and promulgate an award of attorneys fee to said appealing attorneys consistent with this judgment and in the sum of $1,931.37."

Thereupon the North Carolina Industrial Commission passed the following resolution:

"Whereas, the Commission has received from the Clerk of the Superior Court of Mecklenburg County a certified copy of a judgment entered by the Honorable Francis O. Clarkson, a Resident Judge of

the Superior Court of Mecklenburg County in the above-captioned case, in which Judge Clarkson vacates and sets aside the amount of attorneys' fee approved by the Commissioner who heard the case and subsequently approved by the Full Commission, and in said judgment directs the Commission to amend the award in this case to approve the attorneys' fee in the amount specified in said judgment, which is much larger than the amount approved by the Commission; and

"Whereas, the Commission has grave doubts that a Superior Court Judge has jurisdiction or authority over attorneys' fees as has been attempted to be exercised in this case;

"Now, therefore, be, and it is hereby resolved that the Attorney General be requested to obtain a ruling and determination by the Supreme Court as to the authority in such matters, and the Honorable J. W. Bean, Chairman of the Industrial Commission, be, and he is hereby authorized and empowered to execute in the name of the Commission any petition or other paper or document necessary to effectuate this end."

Pursuant thereto petition for writ of *certiorari* upon which this proceeding is based was filed.

The petitioners invoke the jurisdiction of the Supreme Court of North Carolina under the provisions of Article IV, Section 8, of the Constitution of North Carolina, which gives the Supreme Court "the power to issue remedial writs necessary to give it a general supervision and control over the proceedings of the inferior courts"; and to hear and pass upon matters presented by their petition, and to grant the relief sought by reason of the provision of G.S. 97-86, and so on.

And petitions for writ of *certiorari* say in paragraph 6 of their petition that they "are advised and believe and so allege: The judgment, findings of fact and conclusions of law, signed and entered by the Senior Resident Judge of the Twenty-Sixth Judicial District, in this cause, a certified copy of which is hereto attached as a part of the Record, is invalid, erroneous, void and of no effect, and should be so declared by this court for the reasons which follow:

"(a) For that the parties hereto are bound by the statutory remedy provided by the North Carolina Workmen's Compensation Act and this includes the approval of attorneys' fees by the Commission; that in connection with the fees of physicians, which power of approval appears in the same Section (G.S. 97-90, as amended), this Court has passed on the matter in the case of *Worley v. Pipes,* 229 N.C. 465, saying: 'Thus it is seen that the General Assembly has prescribed an adequate remedy by which any matter in dispute and incident to any claim under the provisions of the Workmen's Compensation Act may be determined and settled.'

"(b) For that the Trial Court has misconstrued the scope of his Judicial Review and has illegally and erroneously heard this matter *de novo*, has made independent findings of fact and conclusions of law, and has substituted his judgment in place of and in lieu of the authority and judgment of the Commission, which is the body vested by statute with the authority to make such approval and issue an award therefor.

"(c) For that the findings of fact made by the Commission are binding upon the Trial Court if supported by any competent evidence and this is so even though the evidence might support a contrary finding and, therefore, the Trial Court had no authority to substitute his own findings and his own evaluation of. the amount of fees that should be approved for said attorneys.

"(d) For that the said Trial Court had no. power or authority of law to order and command said Commission to peremptorily enter an award in accordance with the findings. and judgment of said Trial Court and contrary to the approval of fees heretofore made by said Commission.

"(e) For that the power of the Trial Court is limited to a review of arbitrary and capricious action on the part of the Commission and to a judicial determination as to whether the Commission is operating within the scope of its powers as fixed by Statute and in this connection it is recognized by petitioners that a proceeding can be remanded to the Commission for further findings or for further action by the Commission in accordance with law but these petitioners do not believe that the Trial Court can pass upon a proceeding such as this *de novo* and enter such judgment as to both the facts and approval of fees as the Trial Court sees fit.

"(f) For that if said judgment is allowed to stand unreversed, it will mean that the fixing of attorneys' fees in proceedings before the Commission has been transferred from the Commission to the Superior Court and there will thus result a disorganization of the whole system that has existed in the State for many years and there will be no fixed standards of measurement of same.

"(g) That if said judgment is correct and if attorneys' fees can be fixed by a Superior Court Judge in proceedings before the Commission in this manner and without the free approval of the Commission, as commanded by the Statute, then the profession and the people of the State are entitled to know of this change in system and this Court should so declare and give its approval."

And petitioners in paragraph 7 allege that "this application is made in good faith and for the reason that the matters herein alleged as error and now excepted to are matters of great public interest and further a quasi-judicial agency of the State is entitled to know as

to how it shall proceed in the future."

And the record shows that the respondents as "the attorneys representing the successful claimant, Alice B. Brice," answering the petition filed, among other things admit that "the jurisdiction of the Supreme Court of North Carolina to hear and determine questions under the provisions of Article IV, Section 8, of the Constitution of North Carolina, gives the Supreme Court of North Carolina 'the power to issue any remedial writs necessary to give it a general supervision and control over the proceedings of the inferior courts'; It is further admitted that the petitioner is attempting to invoke the provisions of G.S. 97-86, Cumulative Supplement of 1957, in order to secure a review of the actions of the Superior Court of Mecklenburg County and that the Industrial Commission passed a Resolution authorizing the petitioner to proceed in that manner, and that the Petition has attached to it a copy of the Resolution of said Commission."

The Supreme Court allowed the petition to be docketed and heard at the Fall Term, 1958, with cases from the 26th District.

*Attorney General Seawell, Assistant Attorney General Ralph Moody for petitioners, appellants.*

*Elbert E. Foster, Charles M. Welling for respondents, appellees.*

WINBORNE, C. J.   The Constitution of North Carolina, Article IV, Section 8, declares in pertinent part that "The Supreme Court * * * shall have the power to issue any remedial writs necessary to give it a general supervision and control over the proceedings of the inferior courts." This provision has been invoked in many decisions of the Court, among which are: *S. v. Cochran,* 230 N.C. 523, 53 S.E. 2d 663, and *Park Terrace v. Indemnity Co.,* 243 N.C. 595, 91 S.E. 2d 584.

In the *Park Terrace case, supra,* it is said: "This Court has general supervisory authority over the orders, judgments, and decrees of the Superior Courts of the State * * * This is a prerogative which, in a proper case, when necessary to promote the expeditious administration of justice, we will not hesitate to exercise."

The North Carolina Industrial Commission, created under G.S. 97-77, is primarily an administrative agency of the State charged with the duty of administering the provisions of the Workmen's Compensation Act, Chapter 97 of General Statutes. *Hanks v. Public Utilities Co.,* 210 N.C. 312, 186 S.E. 252.

In the event of disagreement, the Commission is to make award after hearing. G.S. 97-83.

The Commission or any of its members shall hear the parties and

their representatives and witnesses, on matters at issue, and shall determine the dispute in a summary manner.

The award, together with a statement of the findings of fact, rulings of law, and other matters pertinent to the question at issue shall be filed with the record of the proceedings. G.S. 97-84. Under this section the Commission is made the fact finding body. The finding of facts is one of its primary duties. *Beach v. McLean,* 219 N.C. 521, 14 S.E. 2d 515.

Either party to the dispute may appeal from the decision of the Commission to the Superior Court "for errors of law". G.S. 97-86. And the Superior Court on such appeal has appellate jurisdiction to review an award of the Industrial Commission for errors of law. *Thomason v. Cab Co.,* 235 N.C. 602, 70 S.E. 2d 706.

The findings of fact of the Industrial Commission are conclusive and binding on appeal when supported by competent evidence — even though there is evidence that would have supported a finding to the contrary. *Tucker v. Lowdermilk,* 233 N.C. 185, 63 S.E. 2d 109; *Penland v. Coal Co.,* 246 N.C. 26, 97 S.E. 2d 432.

The procedure prescribed for hearing on appeal is summarized in *Penland v. Coal Co., supra,* in this manner: "When an appeal is taken from the Industrial Commission, the statute, G.S. 97-86, requires that a certified transcript of the record before the Commission be filed in the Superior Court (citing case). When the appeal comes on for hearing it is heard by the presiding judge who sits as an appellate court. His function is to review alleged errors of law made by the Industrial Commission, as disclosed by the record and as presented to him by exceptions duly entered. Necessarily the scope of review is limited to the record as certified by the Commission and to the questions of law therein presented"—citing case.

And to the same effect this Court said in *Thomason v. Cab Co., supra:* "In passing upon an appeal from an award of the Industrial Commission in a proceeding coming within the purview of the act, the Superior Court is limited in its inquiry to these two questions of law: (1) Whether or not there was any competent evidence before the commission to support its findings of fact; and (2) whether or not the findings of fact of the commission justify its legal conclusions and decision. *Henry v. Leather Co.,* 231 N.C. 477, 57 S.E. 2d 760. The Superior Court cannot consider the evidence in the proceeding in any event for the purpose of finding the facts for itself. *Reed v. Lavender Bros.,* 206 N.C. 898, 172 S.E. 877; *Ussery v. Cotton Mills,* 201 N.C. 688, 161 S.E. 307. If the findings of fact of the Industrial Commission are supported by competent evidence and are determinative of all the questions at issue in the proceeding, the court must accept such findings as final truth and merely determine whether or not they

justify the legal conclusions and decision of the commission. *Blevins v. Teer*, 220 N.C. 135, 16 S.E. 2d 659; *Rankin v. Mfg. Co.*, 212 N.C. 357, 193 S.E. 389. But if the findings of fact of the Industrial Commission are insufficient to enable the court to determine the rights of the parties upon the matters in controversy, the proceeding must be remanded to the commission for proper findings. *Young v. Whitehall Co.*, 229 N.C. 360, 49 S.E. 2d 797; *Cook v. Lumber Co.*, 217 N.C. 161, 7 S.E. 2d 378; *Farmer v. Lumber Co.*, 217 N.C. 158, 7 S.E. 2d 376; *Gowens v. Alamance County*, 214 N.C. 18, 197 S.E. 538; *Singleton v. Laundry Co.*, 213 N. C. 32, 195 S.E. 34."

Indeed, it is succinctly stated in *Evans v. Lbr. Co.*, 232 N.C. 111, 59 S.E. 2d 612, that "Neither this Court nor the Superior Court has the right to make an award pro or con upon the evidence which was submitted or which may be submitted before the Industrial Commission"—citing cases.

In the light of these applicable principles, it is seen that the judgment in question is not in keeping with the practice and procedure in such case made and provided. Hence this Court is constrained to declare it null and void.

This is such a matter of public interest that the Supreme Court finds it necessary to exercise its supervisory jurisdiction—to promote the expeditious administration of justice.

Finally it may be noted that while the claimant's attorneys set forth as one of the grounds for their appeal from award of the Industrial Commission that the "Hearing Commissioner and the Full Commission * * * arbitrarily and capriciously fixed a fee * * *" the Judge of Superior Court did not so hold. And the statute, G.S. 97-90, requires that "fees for attorneys, and physicians and charges of hospitals for services * * * under this article shall be subject to the approval of the commission." And the word "approve" as used in decisions of this Court implies the exercise of discretion and judgment. *Key v. Board of Education*, 170 N.C. 123, 86 S.E. 1002; *Harris v. Board of Education*, 216 N.C. 147, 4 S.E. 2d 328; *Russ v. Woodard*, 232 N.C. 36, 59 S.E. 2d 351.

Indeed, Black's Law Dictionary defines it " 'the act of approval' imports the act of passing judgment, the use of discretion and determination as a deduction therefrom."

The proceeding will be remanded to Superior Court for further orders in conformity with provisions of this opinion.

Error and Remanded.

PARKER, J., not sitting.