IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-1390

Filed: 6 September 2016

Buncombe County, No. 15 CVS 1060

In re:  Appeal of the Fee Award of the North Carolina Industrial Commission in N.C.I.C. Nos. W82780 & W98474

KEITH SAUNDERS, Plaintiff,

v.

ADP TOTALSOURCE FI XI, INC., Employer, and LIBERTY MUTUAL/HELMSMAN MANAGEMENT SERVICES, Carrier Defendants.

Appeals by plaintiff and defendants from order entered 4 September 2015 by Judge Alan Z. Thornburg in Buncombe County Superior Court.  Heard in the Court of Appeals 7 June 2016.

> *The Sumwalt Law Firm, by Mark T. Sumwalt, Vernon Sumwalt and Lauren H. Walker; and Grimes Teich Anderson, LLP, by Henry E. Teich for plaintiff.*
>
> *Hedrick Gardner Kincheloe & Garofalo, LLP, by M. Duane Jones, Paul C. Lawrence and Kari L. Schultz, for defendants.*

TYSON, Judge.

The superior court's order awarded Plaintiff's attorneys a 25% contingent attorney's fee, payable from retroactive third party attendant care medical compensation awarded by the Industrial Commission.  The Industrial Commission had denied a deduction of attorney's fees from the medical compensation award.  We vacate the superior court's order for lack of subject matter jurisdiction, and remand.

## I. Background

Plaintiff sustained two compensable injuries to his lower back on 6 March 2010 and 7 July 2010. He underwent back surgery in October 2010, but his condition failed to improve. Plaintiff developed left foot drop and reflex sympathetic dystrophy, or complex regional pain syndrome. Defendants did not dispute the payment of disability benefits and have compensated Plaintiff.

Plaintiff retained Henry E. Teich, Esq. to represent him before the Industrial Commission, and on 3 November 2010 he entered into a contingency fee agreement ("the fee agreement") with Mr. Teich. The fee agreement provided Mr. Teich's law firm a contingency fee of "25% of any recovery as Ordered by the North Carolina Industrial Commission." Plaintiff's claim or condition presented no issues of attendant care medical compensation or home modification when the fee agreement was executed.

Plaintiff's condition continued to decline. He and Mr. Teich subsequently amended the fee agreement to provide for a contingency attorney's fee of 25% of any award for ongoing temporary total disability benefits. By order of the Industrial Commission filed 23 April 2012, Mr. Teich began receiving additional compensation of 25% of Plaintiff's temporary total disability compensation, every fourth weekly check, in accordance with the amended fee agreement.

Plaintiff's physical condition further deteriorated to the point where his treating physician concluded he was unable to perform activities of daily living or otherwise live independently. Plaintiff's medical providers prescribed attendant care medical services for him. Defendants received notice of Plaintiff's request for attendant care services in January 2012. A month later, Defendants agreed to provide the recommended attendant care to Plaintiff for a three-month period upon the condition that Defendants be permitted to take the pre-hearing depositions of two of Plaintiff's providers without an order by the Commission. Plaintiff's partner, Glenn Holappa, who is not medically certified or trained, assumed the role as Plaintiff's primary attendant caregiver. Defendants discontinued payment for attendant care medical services after the initial three-month period because Plaintiff failed to allow the promised depositions, and because Plaintiff's physician had ordered attendant care subject to a re-evaluation of Plaintiff's condition after three months.

With the knowledge and approval of Plaintiff and Mr. Holappa, and to assist Mr. Teich, Mark T. Sumwalt, Esq. and his law firm were associated to litigate Defendants' discontinuance of attendant care services to Plaintiff. Attorneys Teich and Sumwalt extensively litigated issues pertaining to attendant care medical compensation, home modifications, equipment needs, prescription medications,

psychological treatment, and other medical services before the Industrial Commission.

On 23 December 2013, the Deputy Commissioner issued an Opinion and Award, which awarded retroactive attendant care medical compensation for the time period from 8 May 2012 to 23 December 2013, payable to Plaintiff or Mr. Holappa. The Deputy Commissioner also approved an attorney's fee of 25% of the award of the retroactive attendant care medical services provided. Defendants appealed to the Full Commission.

On 23 February 2015, the Full Commission issued an Opinion and Award, which awarded retroactive medical care compensation to Mr. Holappa, for six hours per day, seven days per week, at a rate of $10.00 per hour from 8 May 2012 until the date of the award. The Full Commission awarded ongoing attendant care medical compensation provided through a home healthcare agency for eight hours per day, seven days per week, until further order of the Commission. The Commission also awarded Plaintiff for his "out of pocket expenses for prescription medications prescribed for treatment of his depression and anxiety" and ordered "Defendants shall pay for all treatment related to Plaintiff's psychological condition with a provider or providers to be agreed upon by the parties."

Plaintiff's counsel did not seek an attorney fee for this additional medical care, treatments, and compensation the Commission awarded. The Commission further

determined there is no evidence before the Commission of a fee agreement between Plaintiff's counsel and any of Plaintiff's medical providers, including Mr. Holappa.

The Commission concluded, "to the extent plaintiff's counsel's fee agreement with plaintiff, and specifically the phrase 'any recovery,' could be interpreted to include medical compensation, it is unreasonable under the facts of this case." The Commission ordered no additional attorney's fee for Plaintiff's counsel to be paid from the past attendant care or other medical compensation Defendants were ordered to pay to Mr. Holappa, but ordered Plaintiff's attorney would continue to receive every fourth check from Plaintiff's disability award as a result of their efforts.

After the Industrial Commission declined to award further fees to Attorneys Teich and Sumwalt for medical compensation, Plaintiff and Mr. Holappa indicated to the attorneys their intention to pay them 25% of the medical compensation recovered, without involving the Commission or the courts. Mr. Teich and Mr. Sumwalt acknowledged and informed them it would be unlawful for an attorney to accept the voluntary or further payment of attorney's fees without approval by the Industrial Commission. *See* N.C. Gen. Stat. § 97-90(b) (2015).

On 9 March 2015, Plaintiff purported to appeal the Industrial Commission's decision to the Buncombe County Superior Court by petition for judicial review pursuant to N.C. Gen. Stat. § 97-90(c). Defendants moved to intervene in the superior court proceeding, which was granted. The superior court reversed the decision of the

Industrial Commission, and awarded attorney's fees to be paid from the medical compensation award for retroactive attendant care. The court ordered 25% of the amount ordered by the Commission for attendant care medical care compensation to be paid directly to Plaintiff's counsel. Both parties appeal from the superior court's order.

## II. Issues

Defendants argue the superior court did not have subject matter jurisdiction under N.C. Gen. Stat. § 97-90 to review the Commission's denial of attorney's fees from medical compensation. In the alternative, and presuming N.C. Gen. Stat. § 97-90(c) would permit the superior court's review under these facts, Defendants argue the superior court erred by engaging in fact finding, exceeding the proper standard of review, and reversing the Full Commission's decision to deny attorney's fees arising out of payment of medical compensation.

Plaintiff argues: (1) the superior court erred by granting Defendants' motion to intervene; and, (2) this Court is without subject matter jurisdiction to hear Defendants' appeal without standing.

## III. Defendants' Standing to Appeal

Plaintiff argues Defendants' appeal should be dismissed, because Defendants do not have standing before this Court to challenge the superior court's order. We disagree.

A.  Standard of Review

"Subject matter jurisdiction is conferred upon the courts by either the North Carolina Constitution or by statute." *Harris v. Pembaur*, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987).  "Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo [sic] on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010).  "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (citation and internal quotation marks omitted).  Plaintiff's cross appeal also provides this Court with jurisdiction to review the superior court's order and the existence of any jurisdiction for the superior court to enter it.  This Court may also raise and review issues of jurisdiction *sua sponte. Xiong v. Marks*, 193 N.C. App. 644, 652, 668 S.E.2d 594, 599 (2008).

B. Defendant's Assertion of Right to Direct Medical Treatment as a Basis for

Standing

The Workers' Compensation Act provides that an appeal from an opinion and award of the Industrial Commission is subject to the same terms and conditions as which govern appeals from the superior court to the Court of Appeals in ordinary civil actions.

> Under N.C. Gen. Stat. 1-271 . . . , [a]ny party aggrieved is
> entitled to appeal in a civil action. A party aggrieved is one

whose legal rights have been denied or directly and injuriously affected by the action of the trial tribunal. If the party seeking appeal is not an aggrieved party, the party lacks standing to challenge the lower tribunal's action and any attempted appeal must be dismissed.

*Adcox v. Clarkson Bros. Constr. Co.*, 236 N.C. App. 248, 252, 773 S.E.2d 511, 515 (2014) (citation and internal quotation marks omitted).

Standing consists of three main elements:

"(1) 'injury in fact' – an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*Estate of Apple v. Commercial Courier Express, Inc.*, 168 N.C. App. 175, 177, 607 S.E.2d 14, 16 (2005) (quoting *Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 114, 574 S.E.2d 48, 52 (2002)). "The issue of standing generally turns on whether a party has suffered injury in fact." *Id.* Further, "[i]t is not necessary that a party demonstrate that injury has already occurred, but a showing of 'immediate or threatened injury' will suffice for purposes of standing." *Mangum v. Raleigh Bd. of Adjustment*, 362 N.C. 640, 642-43, 669 S.E.2d 279, 282 (2008) (quoting *River Birch Assocs. v. City of Raleigh*, 326 N.C. 100, 129, 388 S.E.2d 538, 555 (1990)).

Defendants argue they have standing to appeal, both as parties before the Industrial Commission and as admitted intervenors in the superior court action.

They assert the deduction of Plaintiff's attorney's fee from the award of medical compensation infringes upon Defendants' right to direct medical treatment for its injured employee. We agree.

The employer is statutorily required to provide "medical compensation" as statutory benefits to an injured employee "as may reasonably be required to effect a cure or give relief and for such additional time as, in the judgment of the Commission, will tend to lessen the period of disability[.]" N.C. Gen. Stat. § 97-2(19) (2015); *see also* N.C. Gen. Stat. § 97-25 (2015).

The Workers' Compensation Act and case law presume the injured worker will heal, recover from the injuries, for which he is receiving medical care, and return to work. *See Effingham v. Kroger Co.*, 149 N.C. App. 105, 114-15, 561 S.E.2d 287, 294 (2002) ("Temporary disability benefits are for a limited period of time. There is a presumption that [the employee] will eventually recover and return to work. Therefore, the employee must make reasonable efforts to go back to work or obtain other employment." (internal citations and quotation marks omitted)).

N.C. Gen. Stat. § 97-2(19) specifically defines "medical compensation" to include "attendant care services prescribed by a health care provider authorized by the employer[.]" Both parties also stipulated during oral arguments that payment for attendant care services to any provider constitutes medical compensation. *Id.*

"[A]n employer's right to direct medical treatment (including the right to select the treating physician) attaches once the employer accepts the claim as compensable." *Kanipe v. Lane Upholstery*, 141 N.C. App. 620, 623-24, 540 S.E.2d 785, 788 (2000). Under N.C. Gen. Stat. § 97-25, "the employer has the right to direct the medical treatment for a compensable injury. This includes the right to select the treating physician." *Kanipe,* 141 N.C. App. at 624, 540 S.E.2d at 788. The employer has the statutory duty to provide reasonable, complete, and quality medical compensation arising in a compensable claim to an injured employee. *Id.*

Having both the duty and right to direct medical care and treatment provided to their injured employee, Defendants have a continuing interest in the pool of resources available for medical care and benefits for their employees' injuries and assuring the medical providers do not reduce care and are fully compensated for services they render to an injured employee. Defendants have shown their "legal rights have been denied or directly and injuriously affected" by the superior court's purported *de novo* award of attorney's fees from funds stipulated as medical compensation, and have standing to challenge that order before this Court. *Adcox,* 236 N.C. App. at 252, 773 S.E.2d at 514-15; *see also Palmer v. Jackson* (*Palmer I*)*,* 157 N.C. App. 635, 579 S.E.2d 908 (2003).

<u>C. Alternative Basis for Defendants' Standing</u>

Even if Defendants' right to direct medical treatment would not provide them with standing to appeal to this Court, Defendants in this case have also demonstrated by their argument before the Commission, wherein they disputed the nature and amount of attendant care compensation to which Plaintiff is entitled, shared issues of fact and law in common with their argument before the trial court opposing the award of attorney's fees for that attendant care.

Defendants argued before the Commission that Plaintiff's seeking an award for attendant care provided by a family member, including an award of attorney's fees from that compensation, infringed upon his employer's right to direct his medical treatment. Defendants disputed the amount of past attendant care medical compensation to which Plaintiff is entitled and argued that a family member providing attendant care – as opposed to a third-party provider – may have a pre-existing obligation to provide care and is not subject to the same accountability as a third-party provider, who is required to document the hours and nature of care as well as the employee's ongoing condition.

The Commission apparently agreed with Defendants' argument and found that for a period ending with the date of the award, it was reasonable and necessary for Plaintiff to receive assistance from Mr. Holappa for six hours a day, as opposed to the eight hours a day requested for the reasons "that Mr. Holappa is frequently out of the

home and that some of what he does in the home are tasks which he would otherwise

do as a member of the household . . . ."

The Commission further found that going forward from the date of the award,

it was reasonable and necessary for Plaintiff to receive assistance from a third-party

attendant care agency for the following reasons:

> Care from a home health care agency as opposed to a family member is preferable and medically necessary because it is provided under the direction of a registered nurse and clinical director, who will ensure that the patient's medical needs are being met and who can make recommendations for a greater level of care, i.e., CNA, if that is medically necessary. Moreover, when care is provided by a home health care agency, they are required to generate reports which show how the patient is doing and what service they are providing. These types of records in turn would permit plaintiff's doctors to make informed recommendations regarding plaintiff's ongoing care.

In awarding Plaintiff compensation for ongoing attendant care provided by a

third-party provider only, the Commission protected the employer's interest in

directing the employee's medical care. This case, in which the employer had initially

agreed to provide attendant care and withdrew ongoing compensation because of

disputed issues of fact regarding the selection of attendant care provider and the

nature and amount of care needed, involves factual and legal issues in common

between medical compensation for attendant care and attorney's fees ordered by the

superior court to be paid from that compensation.

IV.  Intervention

Plaintiff has cross-appealed, and argues the superior court erred by allowing Defendants to intervene in the superior court action. "A party who cross assigns error in the grant or denial of a motion under the Rules of Civil Procedure is a party aggrieved." N.C. Gen. Stat. § 1-271 (2015). Plaintiffs argue Defendants did not have a right to intervene in the superior court action. Defendants counter-argue Plaintiff did not have a right to seek review or a *de novo* ruling from the superior court under these facts.

A trial court's order allowing intervention as a matter of right is reviewed *de novo*, whereas permissive intervention is reviewed under an abuse of discretion standard. *See Virmani v. Presbyterian Health Servs. Corp.*, 350 N.C. 449, 460, 515 S.E.2d 675, 683 (1999); *Harvey Fertilizer & Gas Co. v. Pitt Cnty.*, 153 N.C. App. 81, 86, 568 S.E.2d 923, 926 (2002). Defendants argued before the superior court that they met the criteria for both permissive intervention and intervention as of right, and the superior court's order is unclear upon which grounds of intervention it allowed Defendants' motion. Under either standard, the superior court properly allowed Defendant to intervene.

Rule 24 of the North Carolina Rules of Civil Procedure provides for intervention as a matter of right when the intervenor shows: (1) it has an interest relating to the property or transaction; (2) denying intervention would result in a practical impairment of the protection of that interest; and (3) there is inadequate

representation of that interest by existing parties. N.C. Gen. Stat. § 1A-1, Rule 24(a)(2) (2015); *Virmani*, 350 N.C. at 459, 515 S.E.2d 675 at 683. Rule 24 allows for permissive intervention when "an applicant's claim or defense and the main action have a question of law or fact in common." N.C. Gen. Stat. § 1A-1, Rule 24(b)(2). For the reasons stated above, and as a proper party before the Commission, the trial court appropriately recognized Defendants' interests in the purported action pending before it, and correctly allowed Defendants to intervene.

Furthermore, this Court has previously validated the employer's interests in the proceeding in superior court when the plaintiff appropriately appeals under N.C. Gen. Stat. § 97-90. *See Hurley v. Wal-Mart Stores, Inc.*, 219 N.C. App. 607, 613, 723 S.E.2d 794, 798 (2012) ("The proper procedure for addressing the issue of attorney's fees pursuant to Section 97-90(c) would have been for the full commission to make its findings and conclusions, and then *either party* who desired review could appeal that decision to the superior court." (emphasis supplied)).

Defendants lawfully intervened as parties before the superior court. An appeal lies of right directly to this Court "[f[rom any final judgment of a superior court, . . . including any final judgment entered upon review of a decision of an administrative agency[.]" N.C. Gen. Stat. § 7A-27(b)(1) (2015). Defendants are "parties aggrieved" and their appeal is appropriately before us. N.C. Gen. Stat. § 1-271. Furthermore, Defendants' intervenor status before the superior court would be rendered

meaningless, if they were denied the right to appeal from the superior court's decision on the very issue for which intervention was permitted.

### V.  Superior Court's Review of the Award of Attorney's Fees

Defendants argue the superior court was without jurisdiction under the limited purposes of N.C. Gen. Stat. § 97-90(c) to review the Industrial Commission's denial of attorney's fees from the award of attendant care medical compensation and to order attorney's fees to be paid from that medical compensation.

"Fees for attorneys and charges of health care providers for medical compensation under [the Workers' Compensation Act] shall be subject to the approval of the Commission[.]" N.C. Gen. Stat. § 97-90(a) (2015).  Plaintiff's counsel correctly realized that it is a criminal offense for an attorney to receive a fee for his or her representation of a client in a worker's compensation claim without approval by the Commission. N.C. Gen. Stat. § 97-90(b) (2015).

### A.  N.C. Gen. Stat. § 97-90(c)

N.C. Gen. Stat. § 97-90(c) provides the superior court with appellate authority to review the Industrial Commission's determination of the "reasonableness" of the award of attorney's fees. The statute provides:

> If an attorney has an agreement for fee or compensation under this Article, he shall file a copy or memorandum thereof with the hearing officer or Commission prior to the conclusion of the hearing. If the agreement is not considered unreasonable, the hearing officer or Commission shall approve it at the time of rendering

decision.  If the agreement is found to be unreasonable by the hearing officer or Commission, the reasons therefor shall be given and what is considered to be reasonable fee allowed. If within five days after receipt of notice of such fee allowance, the attorney shall file *notice of appeal* to the full Commission, the full Commission shall hear the matter and determine whether or not the attorney's agreement as to a fee or the fee allowed is unreasonable. If the full Commission is of the opinion that such agreement or fee allowance is unreasonable and so finds, then the attorney may, by *filing written notice of appeal* within 10 days after receipt of such action by the full Commission, *appeal to the senior resident judge of the superior court in the county in which the cause of action arose or in which the claimant resides; and upon such appeal* said judge shall consider the matter and determine in his discretion the reasonableness of said agreement or fix the fee and direct an order to the Commission following his determination therein. . . In all other cases where there is no agreement for fee or compensation, the attorney or claimant may, by filing written notice of appeal within five days after receipt of notice of action of the full Commission with respect to attorneys' fees, *appeal to the senior resident judge of the superior court of the district of the county in which the cause arose or in which the claimant resides*; and upon such appeal said judge shall consider the matter of such fee and determine in his discretion the attorneys' fees to be allowed in the cause. The Commission shall, within 20 days after *notice of appeal has been filed*, transmit its findings and reasons as to its action concerning such fee or compensation to the judge of the superior court designated in the notice of appeal; *provided that the Commission shall in no event have any jurisdiction over any attorneys' fees in any third-party action.*

*Id*. (emphases supplied).

The statute further provides "the *appealing* attorney shall notify the Commission and the employee of any and all proceedings before the superior court *on*

- 16 -

*the appeal*, and either or both may appear and be represented at such proceedings." *Id*. (emphases supplied). This language supports our interpretation that the statute solely applies to an appellate reasonableness review of a fee award on a contract between the claimant-employee and his attorney previously reviewed by the Full Commission, and not a *de novo* hearing.

### B. *Brice v. Salvage Co.*

A review of the legislative history of N.C. Gen. Stat. § 97-90(c) helps show the General Assembly's purpose and intent in its enactment. In *Brice v. Salvage Co.*, 249 N.C. 74, 105 S.E.2d 439 (1958), the superior court had reviewed the Industrial Commission's award of an attorney's fee. This opinion was issued prior to the establishment of the Court of Appeals in 1967 and the establishment of our comprehensive jurisdiction to review direct appeals from the Industrial Commission. *Id*.

N.C. Gen. Stat. § 97-90 at that time did not include any language to grant jurisdiction to the superior court to review an attorney's fee award by the Commission. The superior court had determined the fee awarded by the Commission was inadequate to reasonably compensate the attorney for services rendered, struck the Commission's award, and awarded a higher attorney's fee. *Id*.

The Supreme Court held the statute gave the Commission exclusive power to approve attorney's fees in the exercise of its discretion, and the superior court had no

jurisdiction to hear evidence on the question of attorney's fees, or to modify or strike the Commission's award. *Brice,* 249 at 83, 105 S.E.2d at 445-46.

The General Assembly amended N.C. Gen. Stat. § 97-90 in 1959 to add subsection (c), in response to the *Brice* decision. *See Palmer I*, 157 N.C. App. at 632, 579 S.E.2d at 906 ("[Section] 97-90(c) was enacted to rectify the specific problem of the trial court not having jurisdiction over attorneys' fees in a workers' compensation cases [sic]."). By amending the statute, the General Assembly gave the superior court the limited appellate authority to review the reasonableness of attorney's fees arising in a fee contract between an employee and his attorneys, and as presented to and reviewed by the Industrial Commission. The plain language of subsection (c) and the case and legislative history behind the General Assembly's amendment of the statute, shows it applies only to circumstances as set forth in *Brice*: fee disputes between the client and his attorney regarding fair compensation for indemnity claims and awards in light of the attorney's services rendered. *Id.*

The statute further provides guidance to the Commission in determining a reasonable attorney's fee:

> The Commission, in determining an allowance of attorneys'
> fees, shall examine the record to determine the services
> rendered. The factors which may be considered by the
> Commission in allowing a reasonable fee include, but are
> not limited to, the time invested, the amount involved, the
> results achieved, whether the fee is fixed or contingent, the
> customary fee for similar services, the experience and skill

level of the attorney, and the nature of the attorney's services.

N.C. Gen. Stat. § 97-90(c). The inclusion of these guiding factors into the statute further supports the conclusion that the superior court's appellate power to review the Commission's award of attorney's fees is limited to the question of reasonableness of the fee awarded by the Commission in light of the services rendered to the employee by agreement with his attorney.

Here, the Industrial Commission's Opinion and Award states:

> 7. When there is a request for an attorney fee out of compensation to be awarded by the Commission, the Commission has the duty to consider the reasonableness of the fee pursuant to N.C. Gen. Stat. 97-90, even in the absence of an assignment of error by defendants. In the case at bar, the Full Commission finds and concludes that the fee agreement between plaintiff and plaintiff's counsel is reasonable, as is the attorney fee plaintiff's counsel has received and will continue to receive from plaintiff's ongoing indemnity compensation. However, "[m]edical and hospital expenses which employers must provide pursuant to N.C.G.S. § 97-25 are not a part of 'compensation' as it always has been defined in the Workers' Compensation Act." *Hyler v. GTE Products Co.*, 333 N.C. 258, 264, 425 S.E.2d 698, 702 (1993) (citation omitted). "[T]he relief obtainable as general 'compensation' is different and is separate and apart from the medical expenses recoverable under the Act's definition of 'medical compensation.'" *Id.* at 265, 425 S.E.2d at 703. There is no evidence of a fee agreement between plaintiff's counsel and any of plaintiff's medical providers, including Mr. Holappa. The Full Commission concludes that to the extent plaintiff's counsel's fee agreement with plaintiff, and specifically the phrase "any recovery," could be interpreted to include medical compensation, it is unreasonable under the facts

of this case. The Full Commission therefore declines to approve an attorney fee for plaintiff's counsel out of the medical compensation which defendants have been ordered to pay Mr. Holappa.

The Industrial Commission's decision is based upon two theories: (1) medical compensation is separate and apart from indemnity compensation under *Hyler* and N.C. Gen. Stat. § 97-25; and, (2) no evidence of a fee agreement between Plaintiff and any medical provider, including Mr. Holappa, was presented to the Commission.

The superior court found:

> 8. Mr. Holappa, through Plaintiff's counsel, submitted an affidavit to [the superior court] in which he stated that he consented and agreed to Plaintiff's counsel's pursuit of such recovery on his behalf with the understanding and desire that any recovery made on his behalf through Plaintiff's workers' compensation claim would be subject to the 25% fee previously agreed to in the retainer agreement.

The superior court considered evidence, the purported "fee agreement" between Plaintiff's attorney and Mr. Holappa, which was not considered before the Industrial Commission. Plaintiff's counsel took the indemnity and disability fee contract between Plaintiff and Mr. Teich, added an affidavit, which had never been considered by or ruled upon by the Industrial Commission, and argued for the first time before the superior court that these documents "created" an implied third party contract between Plaintiff's counsel and Mr. Holappa.

Plaintiff's counsel did not petition the superior court for appellate review of the "reasonableness" of the Industrial Commission's decision related to the "agreement

for fee or compensation" between Plaintiff and his attorneys referenced in the Full Commission's Opinion and Award, but instead presented a theory and a purported "fee contract," which was never presented to or reviewed by the Industrial Commission. *See* N.C. Gen. Stat. § 97-90(c).

The application of a statute must be limited to its "express terms, as those terms are naturally and ordinarily defined." *Turlington v. McLeod*, 323 N.C. 591, 594, 374 S.E.2d 394, 397 (1988). The narrow scope of N.C. Gen. Stat. § 97-90(c) permits the superior court on appellate review to consider the factors set forth in the statute in reviewing the Commission's determination of the "reasonableness" of a fee agreement. The statute does not give the superior court authority to look beyond the evidence presented before the Commission or to take new evidence. *See Blevins v. Steel Dynamics*, No. 09-540, 2010 N.C. App. LEXIS 291 (N.C. Ct. App. Feb. 16, 2010) (unpublished) (unanimously holding the superior court had no original jurisdiction under N.C. Gen. Stat. § 97-90(c) to determine or award attorney's fees in the absence of findings and reasoning provided by the Commission, and vacating and remanding to the superior court for further remand to the Industrial Commission).

Furthermore, the superior court in its order apparently found facts and ruled far beyond an appellate review of the "reasonableness" of the attorney's fee, for legal services rendered to the injured worker by his attorney. The superior court purported to adjudicate a question of workers' compensation law, *i.e.*, whether the Commission

may order an attorney's fee to be paid from the award of medical compensation. This determination is outside the scope the superior court's appellate jurisdiction under N.C. Gen. Stat. § 97-90(c), and rests within the statutes governing the Industrial Commission, subject to appeal to this Court. N.C. Gen. Stat. § 97-91 (2015). Our Court has determined "medical compensation is solely in the realm of the Industrial Commission, and § 97-90(c) gives no authority to the superior court to adjust such an award under the guise of attorneys' fees. Doing so constitutes an improper invasion of the province of the Industrial Commission, and constitutes an abuse of discretion." *Palmer I*, 157 N.C. App. at 635, 579 S.E.2d at 908.

Jurisdiction over "all questions" arising under the Workers' Compensation Act is vested solely in the North Carolina Industrial Commission. *Id.* The Workers' Compensation Act contains very few exceptions to this rule, which are specifically set forth in the Act. None of these exceptions apply here. The superior court acted beyond its statutory and appellate jurisdiction by entering an order based upon evidence not presented to the Commission, and by its *de novo* review and order of the lawfulness of the award of an attorney's fee from the Commission's award of medical compensation. *Id.*

The Industrial Commission, and not the superior court, interprets and enforces the provisions of the Worker's Compensation Act and Rules of the North Carolina Industrial Commission, subject to appellate review by this Court. *Id.* The superior

court's purported adjustment and set-off from the amount of medical compensation due a medical provider is without any authority and substantially and impermissibly intrudes into both the jurisdiction of the Industrial Commission under the Workers' Compensation Act and the appellate authority of this Court. *Id.*

## VI. Conclusion

Our Court has jurisdiction to hear the issues raised by both parties' appeals. Defendants have shown they have suffered, or stand to suffer, a "concrete and particularized[,] . . . actual or imminent," injury. *Estate of Apple*, 168 N.C. App. at 177, 607 S.E.2d at 16 (citation and quotation marks omitted). We also have jurisdiction to review the superior court's order by virtue of Plaintiff's cross-appeal. Furthermore, this Court can review issues of jurisdiction of the lower courts *sua sponte. Xiong*, 193 N.C. App. at 652, 668 S.E.2d at 599.

With limited exceptions specifically set forth in the Act, the Industrial Commission is the sole arbiter of "any questions" under the Workers' Compensation Act. N.C. Gen. Stat. § 97-91. N.C. Gen. Stat. § 90-97(c) does not provide the superior court with jurisdiction to interpret the provisions of the Workers' Compensation Act to determine whether attorney's fees can lawfully be deducted from an award of attendant care medical compensation awarded by the Commission to a third party medical provider, or to adjust the Commission's award of medical compensation.

*Palmer I,* 157 N.C. App. at 635, 579 S.E.2d at 90. *See also Blevins*, No. 09-540, 2010 N.C. App. LEXIS 291 (N.C. Ct. App. Feb. 16, 2010).

This Court, not the superior court, is the appropriate and exclusive tribunal to review the Commission's ruling under these circumstances. *Id.* The superior court also acted beyond the scope of its statutory and limited appellate review of the reasonableness of the Commission's fee award by taking and considering new evidence, which was not presented to the Commission.

Under the present comprehensive statutory framework of appellate review of the Commission's decisions before this Court, and the particular historical circumstances which gave rise to the amendment of N.C. Gen. Stat. § 90-97 adding subsection (c) after *Brice,* and prior to the establishment of the Court, the reasonableness review by the superior court under subsection (c) may have become an obsolete relic. In light of the precedents, statutory history, and the primary appellate jurisdiction being vested in this Court upon its creation, we refer this issue to the General Assembly and request their review of the risks of inconsistent rulings inherent within the multitude of judicial districts, and the continuing need for this limited appellate review by the superior court of the reasonableness of the Commission's attorney's fee awards.

The superior court, under its limited appellate review, was without jurisdiction under N. C. Gen. Stat. § 90-97(c) to re-weigh the Commission's factual determinations

under these facts, or to award, *de novo,* attorney's fees from attendant care medical compensation to be paid to a third party medical provider. The order of the superior court purporting to order attorney's fees to be paid from medical compensation awarded by the Commission is a nullity and is vacated. We remand to the superior court for further remand to the Industrial Commission for further proceedings as necessary.

VACATED AND REMANDED.

JUDGE BRYANT concurs.

JUDGE INMAN concurs in result only.